FRANK J. FREEL et al., as Executors of EDWARD FREEL, Deceased, Appellants, *v.* THE COUNTY OF QUEENS, Respondent.

1. APPEAL — APPELLATE DIVISION — PRACTICE — MODIFICATION OF JUDGMENT. When, on appeal from a judgment awarding the plaintiff a gross sum, in a common-law action upon several distinct causes of action where the amount claimed on each is definite and easily separable, it appears that the plaintiff is entitled to recover upon one cause of action, but under no circumstances could he recover upon either of the others, the Appellate Division should not reverse the judgment and order a new trial unless the plaintiff stipulates to reduce the judgment, but it should modify the judgment by making the proper reductions, and then affirm it as modified.

2. COURT OF APPEALS. If the Appellate Division, in such a case, reverses the judgment and orders a new trial unless the plaintiff stipulates to reduce the judgment, the Court of Appeals, on appeal by the plaintiff with a stipulation for judgment absolute, can render the judgment of modification and affirmance which should have been rendered by the Appellate Division.

*Freel* v. *County of Queens*, 9 App. Div. 186, modified.

(Argued December 13, 1897; decided January 11, 1898.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 29, 1896, reversing a judgment in favor of the plaintiffs, entered upon the report of a referee, and ordering a new trial, unless the plaintiffs should stipulate to reduce the recovery to the sum of $1,730, with interest from January 1, 1894, in which event the judgment was to be modified and affirmed accordingly.

This action was brought to recover a balance alleged to be due on a contract, and also to recover the value of extra work done in connection therewith.

*William C. De Witt* for appellants. The commissioners had the right and power, when acting in good faith, to order and direct the doing of additional work, and the furnishing of additional material found in the progress of the work to be incidentally needful and appropriate to the proper and skillful construction of the highways, and if such work and material were not embraced in the written contract, an obligation arose on the part of the county, when it was so done and furnished, to pay the reasonable value thereof. (*Fleming* v. *Vil. of Suspension Bridge*, 92 N. Y. 368; *Abells* v. *City of Syracuse*, 7 App. Div. 501; *Messenger* v. *City of Buffalo*, 21 N. Y. 196; *Mullholland* v. *Mayor, etc.*, 113 N. Y. 631; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 200; *People ex rel.* v. *Spicer*, 99 N. Y. 229; *Brady* v. *Mayor, etc.*, 20 N. Y. 319; *Weston* v. *City of Syracuse*, 82 Hun, 67; *Moore* v. *Mayor, etc.*, 73 N. Y. 238.) The commissioners were county officers, intrusted with the duty of constructing and improving certain highways, and any expense by them incurred for the use and benefit of the county is rightfully recoverable from the county. (*People ex rel.* v. *Nostrand*, 46 N. Y. 383; *Rowland* v. *Mayor, etc.*, 83 N. Y. 376; *People ex rel.* v. *Board of Canvassers*, 129 N. Y. 360; *People ex rel.* v. *Common Council of Brooklyn*, 77 N. Y. 503; L. 1869, ch. 855, § 2.) There was sufficient evidence to sustain the findings of fact by the referee. Those findings are not before this court

for review upon the order entered by the Appellate Division, and they justify the judgment entered upon the referee's report, which must, therefore, be affirmed. (*Weyer v. Beach*, 79 N. Y. 411; *Riendeau v. Bullock*, 147 N. Y. 272; *Smith v. Pettee*, 70 N. Y. 13; *Davis v. Leopold*, 87 N. Y. 620; *Kane v. Cortesy*, 100 N. Y. 132; *N. Y. & B. F. Co. v. Moore*, 102 N. Y. 667; *Messenger v. City of Buffalo*, 21 N. Y. 196.) There can be no doubt of the plaintiffs' right to recover the amount due on the contract for the Merrick road, which has been wrongfully retained as a penalty for delay. (*Gallagher v. Nichols*, 60 N. Y. 438; *Guidet v. Mayor, etc.*, 4 J. & S. 557; *Homer v. G. M. L. Ins. Co.*, 67 N. Y. 478.)

*Townsend Scudder* for respondent. The county of Queens is liable only for work covered by the contract approved by its board of supervisors. (Const. N. Y. art. 3, § 28.) The commissioners of highway improvements could not bind the county except by a contract approved by the board of supervisors. (*McDonald v. Mayor, etc.*, 68 N. Y. 23; *Smith v. City of Newburgh*, 77 N. Y. 130; L. 1892, ch. 686, § 3.)

VANN, J. We have reached the conclusion that the plaintiffs were entitled to recover on the first cause of action alleged in their complaint for the balance due on the contract for improving the Merrick road, and that they were not entitled to recover upon the second or third causes of action relating to extra work connected with the contracts for improving Van Wyck avenue and Broadway and Liberty avenue, for the reasons given by the learned Appellate Division in its opinion. (*Freel v. County of Queens*, 9 App. Div. 186.) That court reversed the judgment entered upon the decision of the referee and granted a new trial unless the plaintiffs would stipulate within a given period to reduce their judgment by deducting the sums allowed on the second and third causes of action and confining it to the amount recovered upon the first cause of action. The plaintiffs did not so stipulate, but appealed to this court, giving the usual stipulation for judg-

ment absolute against them in case of affirmance. As we have reached the same conclusion as to the rights of the parties to which the Appellate Division arrived, and must substantially affirm their judgment, the question arises whether, even the amount that all the courts have decided the plaintiffs were entitled to recover on the first cause of action can, under the peculiar circumstances, be awarded to them. No embarrassment is caused by the learned counsel for the respondent, who, with great fairness, stated upon the argument that he was willing that the plaintiffs should recover that amount if the practice permitted it. The new trial granted necessarily extends to the entire claim, as otherwise there might be conflicting judgments in the same action. If, however, the Appellate Division should have modified the judgment by reducing the recovery to the proper amount, and should have affirmed it as modified, without granting a new trial, we can render the judgment that they should have rendered.

In *Wright* v. *Nostrand* (98 N. Y. 669) it was held that while the plaintiff, a receiver appointed in supplementary proceedings, was entitled to have certain conveyances of real estate set aside, he was not entitled to recover the rents and profits because he failed to show the proceedings necessary to vest in him title to the real estate. (94 N. Y. 31.) Upon a motion for a reargument the court said: " There were no errors of law affecting the judgment, but (except) the adjudication therein that the plaintiff was entitled to the rents and profits; and that portion of the judgment the General Term should have stricken out. As to that, or on that account, it should not have granted a new trial, as it was a separate matter not affecting the rest of the judgment, and the plaintiff could not in any event recover the rents and profits. It should have affirmed the judgment with that portion stricken out. We will now do what it should have done, and to that end we will reverse the order of the General Term and strike out all that portion of the judgment which relates to the rents and profits, and affirm the judgment of the Special Term, as thus modified."

In *Conklin* v. *Snider* (104 N. Y. 641) it was said : " The order of the General Term having been a proper one we cannot reverse, but must affirm it, and the plaintiffs' stipulation on the appeal to this court, compels an award of judgment absolute against them. We have once or twice, in cases where the error which might have justified a reversal was merely incidental and capable of accurate correction, modified the judgment by correcting the error, but those were instances in which we thought a new trial ought not to have been awarded, ( *Wright* v. *Nostrand*, 98 N. Y. 669), since there could be no recovery for what had been erroneously allowed. Here such a recovery was possible, and the award of a new trial was a proper order for the General Term to make, and we must affirm it and order judgment absolute, although we can see that plaintiffs might have been entitled to a part of their relief. (*Gray* v. *Board of Supervisors*, 93 N. Y. 603, 608; *Thomas* v. *N. Y. Life Ins. Co.*, 99 id. 250 ; *Godfrey* v. *Moser*, 66 id. 250.) They chose to take the peril of their stipulation.".

In *Goodsell* v. *Western Union Tel. Co.* (109 N. Y. 147) the action was brought to recover upon two separate and distinct causes of action and the referee reported " in favor of the plaintiff for upwards of $16,000 upon his first cause of action, and for upwards of $220,000 upon his second cause of action, and judgment was rendered in favor of the plaintiff for a gross sum of upwards of $240,000 besides costs." The General Term affirmed the judgment as to the first cause of action, but reversed and granted a new trial as to the second, and the defendant appealed from the judgment of affirmance as to the first cause of action. This court held that the General Term had no power to affirm the judgment as to one cause of action and reverse it and grant a new trial as to the other, but, in the course of its opinion, said: " A new trial in a common-law action against a single defendant can be granted only as to the whole action, and so far the common-law rule is still in force. If, however, in such a case, there is error affecting only part of the judgment, and the

record be in such condition that by a reversal in part, or by a modification thereof, the error can be eliminated and the judgment can thus be made right without a new trial, the Code confers power upon appellate courts to make the correction or modification." (See, also, *Anthony* v. *Am. Glucose Company,* 146 N. Y. 407, 418.)

In the case now before us the plaintiff was clearly entitled to recover upon the first cause of action, but under no circumstances could he recover upon either of the others, so that a new trial was unnecessary. Complete justice could have been done to both parties by so modifying the judgment as to reduce it to the amount awarded on the first cause of action, and, as thus reduced, affirming it. Each cause of action was distinct, being founded upon a separate and independent contract or claim. The amount claimed on each was definite and could be easily separated from the judgment rendered in gross for the entire sum alleged to be due. No evidence that can reasonably be supposed to exist could change the result as to the second or third causes of action, because there can be no recovery upon them owing to the ordinance of the board of supervisors, which limited the power of the commissioners appointed to make the improvements. Under these circumstances, we think that the learned Appellate Division should not have reversed the judgment, but should have modified it by making the proper reduction and affirming it as thus modified. The Code gives us the power to render the judgment that they should have rendered, and accordingly we direct that their judgment be so modified as to reduce the amount of the judgment awarded by the referee to the sum of $1,730, with interest from January 1, 1894, and, as thus modified, affirmed, without costs, either in the Appellate Division or in this court.

All concur, except O'BRIEN, J., not voting.

Judgment accordingly.