### PLASS v. WEIL et al.

#### (Supreme Court, Appellate Term. November, 1902.)

1. PLEADING AND PROOF—VARIANCE.
   By the express provision of Code Civ. Proc. § 541, there is variance amounting to a failure of proof only where the allegation is unproved in its entire scope and meaning.

2. CONTRACT—QUESTION FOR JURY.
   Under a contract by which defendants employed plaintiff to examine and appraise real estate, to qualify himself as an expert to testify for them if they required it, he to receive $250 for the appraisement, and $150 more if he was required to testify, it is improper to submit to the jury how much he was entitled to recover; his testimony showing that he was not required to testify for them, and they admitting he was entitled to the $250.

Appeal from City Court of New York, General Term.

Action by Herbert C. Plass against Jonas Weil and others. From an order of the General Term reversing a judgment on a verdict for plaintiff at a Trial Term, and ordering a new trial, plaintiff appeals. Reversed and rendered.

Argued before FREEDMAN, P. J., and BLANCHARD and Mac-LEAN, JJ.

H. A. Sperry, for appellant.
James, Schell & Elkus, for respondents.

BLANCHARD, J.   The variance between the allegations of the complaint and the proof thereof at the trial did not amount to a failure of proof.   Such variance only arises where there is a failure to prove an allegation in a pleading in its entire scope and meaning. Code Civ. Proc. § 541.   The court must give a liberal construction to pleadings, with a view to substantial justice.   Code Civ. Proc. § 519.

The contract between the parties was an entire one.   It arose out of the sole purpose of the defendants that the plaintiff should examine and appraise the real estate in order that he might qualify himself as an expert to testify in court in their behalf if they should require his testimony.   For this service they agreed to pay him $250 for the appraisement, and $150 in addition if he were required in court to testify in connection with the appraisement which he had made. The value of the services which might be rendered by the plaintiff as an expert witness to the defendants depended on and grew out of his ·appraisal of the real estate, and such service as an expert witness was, under the terms of the contract, incidental to his employment as an appraiser.   The plaintiff made the appraisal, but his testimony in relation thereto was not required by the defendants.   At the trial the plaintiff's own testimony clearly indicated that he had earned only that portion of the contract price relating to the appraisal of the real estate, viz., $250.   The defendants' answer and proof admitted their liability to pay this plaintiff $250 for the appraisal.   On this evidence the court allowed the case to go to the jury for its determination as to what the contract was, and as to whether the whole amount claimed by the plaintiff, viz., $400, was due to him, or only the sum of $250, as claimed by the defendants.   This was improper.   There was no disputed fact for determination by the jury.   The court should have directed a verdict for the plaintiff in the sum of $250 and interest, amounting to $4.20—in all, $254.20.   The jury rendered a verdict for the full amount claimed by the plaintiff, with interest, and judgment thereon was entered against the defendants with costs.   On appeal by the defendants the General Term of the City Court reversed the judgment and ordered a new trial.   From that order the plaintiff now appeals to this court; having given the stipulation required by Code Civ. Proc. § 3191, that judgment absolute be rendered against him if the order appealed from is here affirmed.   In view of the character of the testimony, the order of the General Term of the City Court of New York should not be affirmed, because it should not have reversed the judgment of the trial court and directed a new trial, but should have modified the judgment by reducing the amount—$406.73— specified in the judgment to the sum of $254.20.   This court has the power to now render such judgment.   Freel v. County of Queens, 154 N. Y. 661, 49 N. E. 124.   Let the judgment of the General Term

of the City Court be reversed, and the judgment of the trial court be reduced to $254.20, and, as so modified, affirmed, without costs of either appeal to either party.

Judgment of General Term reversed, and judgment of trial court reduced to $254.20, and, as so modified, affirmed, without costs of either appeal to either party.   All concur.