(49 Misc. Rep. 500)

### STATE BANK v. KAHN.

(Supreme Court, Appellate Term.   March 2, 1906.)

1. SUBROGATION—SURETIES—RIGHTS.

  Where in an action on a note S. became one of the sureties on an undertaking given by the judgment debtors on appeal, and as surety paid the amount of the judgment to plaintiff, he became subrogated to the rights of the plaintiff as against the judgment debtors, and became entitled to enforce all appropriate remedies against them that might have been available to plaintiff.

  [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Subrogation, § 28.]

2. BILLS AND NOTES—INDORSERS—LIABILITY—ORDER—NEGOTIABLE INSTRUMENTS LAW.

  Under the express provision of Negotiable Instruments Law, Laws 1897, p. 735, c. 612, § 118), indorsers, as respects one another, are liable prima facie in the order of which they indorse.

  [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 612, 613.]

3. SAME—TENDER OF PAYMENT—EFFECT.

  Under the express provision of Negotiable Instruments Law, Laws 1897, p. 744, c. 612, § 201, subd. 4, a valid tender of payment made by a prior party discharges one secondarily liable on the instrument.

4. SAME—DISCHARGE OF ACCOMMODATION INDORSER.

  Where defendant, an accommodation indorser, was the last indorser on the note sued on, and he was not a judgment debtor when judgment was rendered against other parties to the note, which was satisfied by a surety on the appeal bond of such judgment debtors, such payment operated to discharge defendant's liability on the note.

Appeal from City Court of New York, Trial Term.

Action by the State Bank against Samuel Kahn.   From a City Court judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Wasserman & Jacobus, for appellant.

Nathaniel Levy, for respondent.

GREENBAUM, J.   The defendant, Samuel Kahn, was an accommodation indorser, and the last indorser of the note in suit.   Plaintiff entered judgment against the maker and the indorsers other than the defendant, Samuel Kahn.   One Silas Schwartz became one of the sureties on an undertaking given by the judgment debtors on appeal from said judgment, and as such surety paid the amount of the judgment to the plaintiff.   Thereupon Schwartz became subrogated to the right of the plaintiff as against the judgment debtors, whose debts he was compelled to pay, and he became entitled to enforce all appropriate

remedies against said judgment debtors that might have been available to the plaintiff. Sheld. Subr. § 11; Smith v. National Surety Co., 28 Misc. Rep. 631, 59 N. Y. Supp. 789. But the defendant, Samuel Kahn, was not a judgment debtor when judgment was entered against the other defendants, and Schwartz gave no undertaking in behalf of him. Schwartz was therefore in no position to assert any claim against Samuel Kahn by reason of his suretyship. "As respects one another, indorsers are liable prima facie in the order in which they indorse." Section 118 of the negotiable instruments law (Laws 1897, p. 735, c. 612). By section 201, subd. 4, Negotiable Instruments Law, Laws 1897, p. 744, c. 612, a valid tender of payment made by a prior party discharges one secondarily liable on the instrument. In the case before us the payment by Schwartz as surety for the maker and prior indorsers was a payment in their behalf, which operated to discharge the note against the defendant, Samuel Kahn. There was no assignment of the notes or of plaintiff's claim to Schwartz shown, and indeed if there were the circumstances under which Schwartz claims to succeed to the rights of the plaintiff would simply establish a subrogation in favor of Schwartz as against the other defendants. This action must be treated as though continued against Samuel Kahn by the plaintiff, and, as plaintiff concededly admits the payment of the notes, the judgment should be reversed, and the complaint dismissed, with costs to appellant in this court and the court below.

SCOTT, P. J., and GIEGERICH, J., concur.