THE AMERICAN GUILD OF RICHMOND, VIRGINIA, Respondent,
          *v.* PHEBE D. DAMON et al., Appellants.

1. APPEAL — EFFECT OF ORDER OF APPELLATE DIVISION REVERSING
JUDGMENT ON QUESTIONS OF LAW ONLY.   Where the unanimous order
of the Appellate Division, reversing a judgment rendered at Special
Term on questions of law only, affirmatively declares that the facts have
been examined and no error found therein, the facts found by the trial
court are conclusive on the Court of Appeals and the only question that
can be determined by the latter court is whether those facts justified or
required a reversal of the judgment rendered thereon by the Special
Term.

2. PLEADING — WHEN FAILURE TO REPLY DOES NOT PRECLUDE PLAIN-
TIFF FROM CONTESTING COUNTERCLAIM.   A plaintiff is not precluded
from contesting a counterclaim by a failure to serve a reply unless the
counterclaim is distinctly named and pleaded as such in the answer.

3. APPEAL — WHEN ORDER OF REVERSAL ERRONEOUSLY GRANTS NEW
TRIAL INSTEAD OF MODIFYING JUDGMENT.   Where a judgment in an
action to foreclose a mortgage is properly reversed by the Appellate
Division on the ground that the Special Term had erroneously awarded
a recovery against the plaintiff for the excess of the sum due on a claim,
set up by one of the defendants as a defense and set-off, over that due
on the bond and mortgage, and it appears that it is not possible on another
trial to vary the proof as to the liability of the plaintiff, a new trial should
not be ordered, but the judgment merely modified, unless as a matter of
law the claim of the defendant was not a valid set-off to the bond and
mortgage.

4. FORECLOSURE OF MORTGAGE BY ASSIGNEE THEREOF — WHEN ONE
OF TWO DEFENDANTS MAY SET OFF COUNTERCLAIM AGAINST PLAIN-
TIFF'S ASSIGNOR — WHEN PLAINTIFF'S CLAIM EXTINGUISHED THEREBY.
Under the provisions of the Code of Civil Procedure (§§ 502, 1909) the
assignment of a mortgage is subject not only to every defense, but to

every counterclaim which might have been set up against the assignor; and in an action brought by an assignee to foreclose a mortgage executed by a husband and wife to secure the payment of a joint and several bond executed and delivered to the mortgagee at the same time, and to recover a money judgment against each defendant for any deficiency that might arise on the sale of the mortgaged property, the husband may, under section 501 of the Code of Civil Procedure, counterclaim and set off a claim existing in his own favor against plaintiff's assignor, and the allowance thereof inures to the benefit of both defendants; and where the claim is equal to or greater than the amount due on the bond and mortgage, it extinguishes the liability of both defendants and operates as a discharge of both instruments; the fact that the action is in form joint does not affect the principle involved.

*American Guild* v. *Damon,* 107 App. Div. 140, reversed.

(Argued October 17, 1906; decided November 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 25, 1905, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis J. Bedell, William Kennedy* and *Nelson L. Lansing* for appellants. The certificates are valid obligations for their face value. (Harriman on Contracts [2d ed.], § 259; *Topliff* v. *Topliff,* 122 U. S. 121; *Wadsworth* v. *Tradesman Co.,* 132 N. Y. 540; *First Nat. Bank of Springfield* v. *Dana,* 79 N. Y. 116.) The certificates being pleaded as an absolute covenant and promise to pay $600 and $1,000 respectively, and the prayer being that they be adjudged a set-off and counterclaim and for such other and further relief as may be just and equitable in the premises, constitute a good counterclaim, and no reply having been served, the same is admitted for all the purposes of this action. (Code Civ. Pro. § 522; *McCrea* v. *Hopper,* 35 App. Div. 572; 165 N. Y. 633; *Teets* v. *Throckmorton,* 8 N. Y. S. R. 897; *M. Trust Co.* v. *T. R. R. Co.,* 18 Abb. [N. C.] 368; 106 N. Y. 673; *Fleish-*

*man* v. *Stern*, 90 N. Y. 115.) The bond being a joint and several obligation with the mortgage as collateral, either of the appellants could pay and satisfy the same, and the respondent having asked for a deficiency judgment against J. H. Damon he is entitled to counterclaim. (*Hunt* v. *Chapman*, 51 N. Y. 557; *Briggs* v. *Briggs*, 20 Barb. 447; *Bathgate* v. *Haskins*, 59 N. Y. 533.)

*Wallace Thayer* for respondent. The certificates for $600 and $1,000 respectively having been set up in the defendants' answer as defenses and not as counterclaims, and the defendants having demanded no affirmative relief on account thereof, the plaintiff was not obliged to interpose a reply in order to raise an issue as to their validity. (*Acer* v. *Hodgkiss*, 97 N. Y. 395; *E. L. Assur. Society* v. *Cuyler*, 75 N. Y. 511; *Favilla* v. *Moretti*, 13 N. Y. 707; *Bates* v. *Rosekrans*, 37 N. Y. 409; *Kasper* v. *Chamberlain*, 38 N. Y. S. R. 476; *N. Y. L. Ins. Co.* v. *Atkins*, 125 N. Y. 661; *Wood* v. *Gordon*, 38 N. Y. S. R. 455; *Avery* v. *N. Y. C. R. R. Co.*, 24 N. Y. S. R. 918; *Burke* v. *Thorn*, 44 Barb. 363; *Deering* v. *City*, 51 App. Div. 402.) These certificates were owned by the defendant Joseph H. Damon alone. The defendant Phebe D. Damon had no right, title or interest in them. If they were a defense against the bond and mortgage in favor of the defendant Joseph H. Damon, they would be no defense against the defendant Phebe D. Damon. By the decision the bond and mortgage are canceled as against both defendants. A counterclaim or defense in favor of one defendant cannot be interposed successfully to defend a claim against the property of another. (2 Abb. Ency. Dig. 1083.) Under no circumstances could the defendants have a valid affirmative judgment against the plaintiff. (Code Civ. Pro. § 502.)

CULLEN, Ch. J. The action is brought by the plaintiff, a Virginia corporation, as the assignee of the Safety Fund Insurance Society, a New York corporation, to foreclose a mortgage executed by the two appellants, husband and wife, to said last named corporation to secure the payment of a joint

and several bond executed and delivered to the same party at the same time. The defendants pleaded as a defense and set-off a claim held by the defendant Joseph Damon against the plaintiff's assignor on two participation certificates issued by that corporation, the nature of which certificates is not material to this discussion. On the trial it appeared that the plaintiff and its assignor had entered into what is called a consolidation agreement by which the plaintiff was to acquire all the assets of its assignor and to administer those assets in discharge of its assignor's obligation, but the debts of the assignor were in no degree to be assumed by the plaintiff. The Special Term found the maturity of the participation certificates before the assignment of the mortgage in suit to the plaintiff and the liability thereon of the plaintiff's assignor to the defendant Joseph. It made a decree in favor of the defendants canceling the bond and mortgage and awarding them judgment against the plaintiff for the excess of the amount due on the certificates over that due on the bond and mortgage. The Appellate Division reversed this judgment and ordered a new trial. The unanimous order entered upon this decision reversed the judgment on questions of law only, and affirmatively declared in the body of the order that the facts had been examined and no error found therein. From the order of the Appellate Division the defendants have appealed to this court, giving the requisite stipulation.

Under the form of the order of the Appellate Division the facts found by the trial court are conclusive on this court. The only question before us is whether those facts justified or required a reversal of the judgment rendered thereon by the Special Term. That the plaintiff, under its agreement with its assignor, was not liable personally for the debts of the latter corporation is entirely clear. Therefore, the Appellate Division was doubtless correct in reversing so much of the judgment as awarded a recovery against the plaintiff for the excess of the sum due on the certificates over that due on the bond and mortgage, unless, as the appellants' counsel contends, the plaintiff was foreclosed by its failure to serve a reply to the defendants'

answer.   This position of counsel cannot be upheld.   In the answer the certificates are pleaded as a set-off and defense, and in the prayer for judgment, where the only mention of counterclaim is found, it is asked that they be allowed as a counterclaim, defense and set-off, and that the bond and mortgage be canceled.   No recovery against the plaintiff for the amount of the certificate is asked.   It is the settled law in this state that for a defendant to preclude a plaintiff from contesting a counterclaim because of a failure to serve a reply, the counterclaim must be distinctly named as such in the answer. (*Acer* v. *Hotchkiss,* 97 N. Y. 395; *Equitable Life Assurance Society* v. *Cuyler,* 75 id. 511.)   But though the judgment was properly reversed in this respect, it not being possible on another trial to vary the proof as to the liability of the plaintiff, a new trial should not have been ordered, but the judgment merely modified, unless as a matter of law the certificates were not a valid set-off to the bond and mortgage. (*Freel* v. *County of Queens,* 154 N. Y. 661; *Heerwagen* v. *Crosstown Street Ry. Co.,* 179 id. 99.)

This brings us to the principal question in the case, which is, whether the claim on the certificates which was held by only one of the defendants was a good set-off against the plaintiff's claim.   Under sections 502 and 1909 of the Code of Civil Procedure the assignment to the plaintiff was subject not only to every defense but to every counterclaim that might be set up against its assignor.   Therefore, the question presented here is the same as that which would arise had the action been brought by the original mortgagee, and may be examined and considered from that point of view.   At common law and under the Revised Statutes in an action against more than one defendant there could be interposed only a set-off due to all the defendants jointly. (2 R. S. p. 354, sec. 18.)   That rule still obtains in this state, where the suit is on the joint obligation or liability of the defendants. Where, however, the liability of the defendants is several, under the express provisions of section 501 of the present Code, which in this respect is but a re-enactment of section

150 of the former Code, as amended in 1852, a defendant against whom a several judgment may be rendered can interpose a counterclaim existing in his own favor. In *Parsons* v. *Nash* (8 How. Pr. 454), which was an action against the maker and sureties on a promissory note, it was held that as a several judgment might be rendered against either defendant, each could plead a counterclaim held by himself. In *Briggs* v. *Briggs* (20 Barb. 477) it was held that in an action against several defendants jointly and severally liable, either of them might set off individual debts due to him by the plaintiff or might avail himself thereof by way of counterclaim. (See, also, *Newell* v. *Salmons*, 22 Barb. 644.) The authority of these earlier decisions has never been impunged, and *Newell* v. *Salmons* is cited with approval in *Bathgate* v. *Haskin* (59 N. Y. 533). In the present case, as already said, the bond of the defendants is joint and several, and, therefore, a several judgment could have been had against either defendant. The fact that the action was in form joint does not affect the principle involved. When the defendants " In an action are *jointly and severally* liable, although sued jointly, a counterclaim, consisting of a demand in favor of one or some of them, may, if otherwise without objection, be interposed." (Pomeroy's Remedies and Remedial Rights, sec. 761; *Dunn* v. *West*, 5 B. Monroe, 376, 381.) Therefore, had the defendants been sued on the bond in an action at law the defendant Joseph could, under the authorities and the rule obtaining in this state, have interposed as a counterclaim the amount due him on the participation certificates. In such case it is plain that the counterclaim so interposed would necessarily have inured to the benefit of all the defendants. The plaintiff had but one claim and but one cause of action. Payment by a stranger to the obligation would not discharge it, but payment by anybody liable thereon, whether jointly or severally, would necessarily satisfy it. (*Cockcroft* v. *Muller*, 71 N. Y. 367.) Any other rule would permit a creditor to recover his claim as many times over as he had parties severally liable for the debt. We are

not considering a case where the creditor has released one
of his debtors, either without consideration or for less
than the debt,- reserving his right to proceed against the
others.   Such settlements are authorized by our statutes.
But where a debt has been paid in full by one debtor,
it is satisfied as to all. (*Coonley* v. *Wood*, 36 Hun, 559.)
The same rule must obtain in the case of a counterclaim
as in that of payment.   It is in fact a payment by the
set-off of an outstanding claim against the creditor.   Had the
bond not been assigned and the plaintiff's assignor brought
an action upon it, the defendant Joseph interposing his coun-
terclaim, the judgment in the action would extinguish *pro
tanto* the claim of that defendant against the plaintiff.   If it
were allowed to recover against the other defendant it would
be recovering twice over; first by the extinguishment of its
debt, and second by the amount recovered against the other
defendant.   Whenever in a suit on a money obligation a
counterclaim is allowed in favor of one of several defendants
it must, from the nature of the case, necessarily inure to the
benefit of all the defendants liable on that obligation.   A sev-
eral defendant need not interpose such a counterclaim and
give his co-defendants the benefit thereof; but whether he
shall do so or not is solely his concern.

It is urged that the plaintiff might have proceeded against
the other defendant, the wife, alone, in which case the coun-
terclaim would be inadmissible.   We may assume that this
position is correct, but the plaintiff must take the consequences
of the form of action it has elected to bring.   The case is not
singular.   Where a creditor sues the principal debtor and
surety in the same action, either can interpose a counterclaim
which inures in favor of both.   If, however, he sues the
surety separately the surety cannot interpose a counterclaim
in favor of his principal (*Gillespie* v. *Torrance*, 25 N. Y.
306), though if the principal be insolvent the surety may have
relief in equity.   The form of the action brought by the cred-
itor may, therefore, substantially affect his rights, but that is a
matter for him to consider.

We think that the rule which would apply in the case of a common-law action on the bond controls the disposition of the present action, which is not only to foreclose the mortgage, but to recover a money judgment against each defendant for any deficiency that may arise on the ·sale of the mortgaged property. It was said in *National Fire Insurance Company* v. *McKay* (21 N. Y. 191) by Chief Judge COMSTOCK : " In a foreclosure suit a defendant who is personally liable for the debt, or whose land is bound by the lien, may probably introduce a set-off to reduce or extinguish the claim." In that case the remark of the learned judge was obiter, but in *Hunt* v. *Chapman* (51 N. Y. 555) the proposition was decided. *Bathgate* v. *Haskin* (59 N. Y. 534) is to the same effect, though much of the discussion in that case is not germane to this. There the bond to the plaintiff was the joint bond of the owner of the mortgaged premises and another person, and to bring the case. within the general rule it was necessary to show that the co-obligor was merely a surety. On the trial of this action the plaintiff put in evidence a deed to the defendant Phebe tending to prove that the title to the mortgaged premises was solely in her. We do not see that this fact affects the question before us. There is nothing in the case to show that the loan was not made to both defendants, and on the face of the bond and mortgage the debt appears to be that of both. However that may be, the plaintiff has sought to recover on a personal claim against the defendant Joseph and by seeking such relief it subjected its whole cause of action to any valid counterclaim that Joseph might have.

We are of the opinion that the counterclaim in favor of the husband extinguished the liability on the bond and mortgage, and that both instruments were properly held by the trial court to be discharged. The Appellate Division, therefore, instead of ordering a new trial, should have modified the judgment by striking out the recovery against the plaintiff of the excess due on the certificates.

The order of the Appellate Division should be .reversed

and the judgment of the Special Term modified so as to strike out the award of a money judgment against the plaintiff, except for costs, and as thus modified affirmed, without costs to either party in this court or in the Appellate Division.

HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur; GRAY, J., absent; HISCOCK, J., not sitting.

Ordered accordingly.