(77 Misc. Rep. 462.)

IROQUOIS DOOR CO. v. LEAVENWORTH APARTMENT CO. et al.

(Supreme Court, Special Term, Erie County. August, 1912.)

BILLS AND NOTES (§ 453*)—ACTION—EQUITABLE DEFENSE OF INDORSERS—COUNTERCLAIM OF MAKER.

It is an equitable defense, of which indorsers of a note as sureties, sued thereon jointly with the maker, and with him jointly and severally liable thereon, may avail themselves, that the maker has a counterclaim for breach of the contract inducing the giving of the note, especially where he by separate answer is asserting it for his own benefit.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1344–1351; Dec. Dig. § 453.*]

Action by the Iroquois Door Company against the Leavenworth Apartment Company and others. Heard on demurrer to answer of defendants Henry W. Roberts and Edward B. Stanley. Demurrer overruled.

John A. Van Arsdale, for plaintiff.
Louis M. Martin, for defendants Roberts and Stanley.

WHEELER, J.  The action is brought upon a certain promissory note made by the defendant, the Leavenworth Apartment Company, and indorsed by the other defendants in the action.  The note was made payable to the plaintiff.

In the answer of the defendants Roberts and Stanley, to which the plaintiff demurs, the defendants admit the making and indorsement of the note in question, but allege that the Leavenworth Apartment Company had a contract with the National Construction Company for the construction of an apartment house for the Leavenworth Apartment Company, and that the plaintiff had undertaken and agreed to furnish certain material and supplies for use in the erection of said building, but that the plaintiff had failed to fulfill the terms of the agreement with the construction company in full or in part, and a controversy and disagreement between the plaintiff and the construction company had arisen because of the failure of the plaintiff to furnish the material for said building as ordered.  The answer then contains the following clause:

"7. The said defendants further allege, upon information and belief: That on or about the 6th day of March, 1912, the plaintiff, the defendant Leavenworth Apartment Company, and the National Construction Company entered into an agreement, in and by the terms of which it was, among other things, agreed that in consideration of the execution and delivery of the note set forth in the complaint herein by the Leavenworth Apartment Company, and certain indorsers thereon to the plaintiff, that the plaintiff would immediately comply with the demands of the National Construction Company, and would immediately ship additional materials for said building, and replace materials formerly shipped by the plaintiff which had been rejected upon said building, in order that the said building might be rushed to completion within a very short time.  That relying upon the promise and agreement of the plaintiff herein to furnish proper and suitable materials immediately for the completion of said building, including the 50 doors which had been returned to the plaintiff and rejected, the defendant Leavenworth Apartment Company made, executed, and delivered to the plaintiff the note set forth in the complaint."

The answer then alleges the plaintiff, in violation of the agreement, failed to comply with its terms, and failed to supply the materials required, and that by reason thereof the completion of the building was delayed, and the Leavenworth Apartment Company prevented from taking possession and renting the same, and suffered damage in an amount in excess of the amount of the note.  The answer then alleges:

"That, by reason of the breach of said contract by the plaintiff, the Leavenworth Apartment Company is not at this time in any way indebted upon said note or otherwise to the plaintiff herein, and that, the said note being in the hands of the original payee thereof, these defendants are not liable upon said note, or, if any liability exists, such liability is only as a guarantor of any indebtedness which may be found due and owing from the Leavenworth Apartment Company to the plaintiff upon the trial of this action, and that as between the plaintiff and these defendants there has been, by reason of the foregoing, a complete and total failure of consideration for the said note set forth in the complaint herein."

To this answer the plaintiff demurs, as being insufficient in law. It is urged by counsel for the plaintiff that the contract to furnish sup-

plies and material was between the plaintiff and the National Construction Company, and not between the plaintiff and the apartment company. Such appears to have been the original dealing; but the clauses quoted allege the subsequent agreement, resulting in the giving of the note in question, was between the plaintiff, the construction company, and the apartment company. The answer, in effect, alleges a special interest of the apartment company in the fulfillment of the contract, and an agreement by the plaintiff with it. It may be the facts will not bear out the allegations when developed on the trial, but for the purposes of this demurrer we must accept the allegations as true in law.

It is to be noted in this connection that there is no allegation that the note in question did not in fact represent an indebtedness due and owing the plaintiff. Nor is it alleged that the note in question represented the price of material to be furnished under the alleged agreement of March 6th. When the answer is analyzed, it amounts to just this: That the plaintiff agreed to furnish certain material, and failed to do so, whereby the defendant Leavenworth Apartment Company suffered damage, and has a cause of action by way of counterclaim against the plaintiff. The cause of action set forth in the answer is an independent cause of action in favor of the apartment company against the plaintiff, the payee of the note sued on. The simple question, therefore, presented is whether these defendants, as indorsers of the note of the apartment company, can avail themselves of this counterclaim in favor of their codefendant as a defense and offset against their liability as indorsers on the note.

Under the statute the maker and the indorsers of the note in question are jointly and severally liable on the instrument, though sued as jointly liable. In the recent case of American Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081, it was held that, in an action to foreclose a mortgage executed by a husband and wife to secure the payment of their joint and several bond, the husband might under section 501 of the Code of Civil Procedure, counterclaim and set off a claim existing in his own favor, and the allowance thereof inured to the benefit of both defendants, and the fact that the action is in form joint does not affect the principle.

In this very action the Leavenworth Apartment Company has interposed an answer setting up substantially the same facts alleged in the answer of the defendants Roberts and Stanley, save that in the answer of the apartment company the claim for damages is set up as a *counterclaim*, rather than as an offset. If the apartment company succeeds in the alleged defense, then whatever reduction is thus obtained on the plaintiff's claim inures just to that extent to the benefit of the indorsers on the notes. Why, then, may not the indorsers, by answer, claim for themselves the benefit of such a reduction by offset against liability upon pleading the same facts?

In the case of American Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081, the court, in its opinion, cites with approval the case of Parsons & Wales v. Nash, 8 How. Prac. 454, where the opinion was written by Mr. Justice Marvin. In that case the action was on a

joint and several promissory note made by Hinkle, Nash, and Payne. Nash and Payne were sureties of Hinkle. The defense was a set-off of a judgment recovered upon contract by Hinkle against the plaintiffs for an amount equal or larger than the amount of the note, and it was held the defense was proper.

As was said in the case of American Guild v. Damon, 186 N. Y. 365, 78 N. E. 1082, "the plaintiff has but one claim, and but one cause of action," and "payment by anybody liable thereon, whether jointly or severally, would necessarily satisfy it." The defendants, therefore, have an equitable defense, of which they should not be deprived, especially as their codefendant is asserting it for its own benefit, and it necessarily inures as well to their own benefit. A defendant, sued at law, may now, under our practice, set up both legal and equitable defenses.

In the case of Bathgate v. Hawkins, 59 N. Y. 533, the court held that in an action to foreclose a mortgage given as security for a joint bond executed by the mortgagor and another as his surety, in which action both obligors were made defendants and judgment was prayed against them for any deficiency, a debt due the mortgagor from the plaintiff might be set up by way of counterclaim, as the action was one in which a several judgment might be rendered under the Code. Discussing the right of set-off the court said:

"While as a general principle, courts of equity will follow the rules of law in enforcing set-offs, they exercise an original jurisdiction over the subject, and in cases of peculiar equity and under special circumstances will enforce a set-off in cases not within the letter of the statute. 2 Story's Eq. Jur. § 1437; Smith v. Felton, 43 N. Y. 419; Lindsay v. Jackson, 2 Paige, 581. It is in accordance with natural equity that mutual debts should be held to apply, one against the other, and the balance only should be recovered. In this case the plaintiffs are seeking to enforce their mortgage against the land of the defendant Haskins, and to recover judgment on the bond for any deficiency against the defendants, one of whom is a mere surety for the debt. It is manifestly just that they should apply what they owe to Haskins in reduction of the mortgage."

And the court continued, and held that it had the legal right so to do.

In this case the defendants Roberts and Stanley sustain the relation of mere sureties on the note of the apartment company, a fact alleged to have been known to the plaintiff when the note was given. As sureties they had a peculiar equitable right that any indebtedness owing their principal should be set off as against their obligation on the note, perhaps even against the wishes of their principal. Sureties are favorites of the courts, and the courts are jealous to protect their interests.

In the case at bar it is alleged in the answer demurred to that the counterclaim of their principal grew out of the very transaction inducing the giving of the note with their indorsements. We have, too, the additional fact that the Leavenworth Apartment Company, in a separate answer, sets up the same facts by counterclaim, and joins in the prayer that the damages alleged to have been sustained by it for a breach of the contract be set off against the amount of the note. This appears by the separate answer of that company handed to the court on this argument by plaintiff's counsel for its

information and consideration. Therefore under the peculiar circumstances of this case, presenting peculiar features calling for the interposition of the equitable powers of the court for the protection of the defendants' interests, we think a case here presented where we must hold the answer interposed good.

The demurrer is therefore overruled. Let a decision be drawn accordingly.