(153 App. Div. 453.)

### YOUNG v. STILLWATER CRUSHED STONE CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.
    A verdict on the conflicting evidence of the parties will not be disturbed, though the jury might well have rendered a verdict for the defeated party.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. PLEADING (§ 167*)—COUNTERCLAIM—REPLY—NECESSITY.
    A plaintiff may contest a counterclaim, though he fails to reply, unless the counterclaim is distinctly named and pleaded as such in the answer.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 329; Dec. Dig. § 167.*]

3. COURTS (§ 91*)—CONTROLLING DECISIONS.
    The latest decision of the Court of Appeals on a point is binding on the Appellate Division.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

4. PLEADING (§ 384*)—SET-OFF AND COUNTERCLAIM.
    An answer, in an action for rent of a steam boiler, which alleges that defendant was to pay one dollar per day for its use, after deducting the sums necessary to put and keep it in repair, sets forth an agreement under which defendant may not claim payment of any sum in excess of the rental accruing for his use of the boiler, notwithstanding an allegation that there is due from plaintiff $338.56, less $306 to be set off thereto,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that there is still due defendant $32.56, with interest, which is an averment of a set-off, and not a counterclaim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1296–1298; Dec. Dig. § 384.*]

Appeal from Trial Term, Saratoga County.

Action by Floyd Young against the Stillwater Crushed Stone Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

B. K. Walbridge, of Saratoga Springs, for appellant.
Robert W. Fisher, of Mechanicville, for respondent.

SMITH, P. J. This action is brought to recover of the defendant certain moneys as rent of a steam boiler owned by the plaintiff, and which the defendant rented upon a promise to pay therefor the sum of one dollar per day for each day used. The boiler was used confessedly 306 days. From this amount was to be deducted certain moneys that the defendant paid for moving said boiler, and for certain repairs thereupon made at the time of its procurement, amounting to $115.72. The difference between this amount and $306 is the amount for which the plaintiff procured the verdict of the jury. The plaintiff further claimed for certain injuries to the boiler by reason of the defendant's neglect, which claim the jury has not allowed to the plaintiff.

[1] The main controversy in the case arose over certain repairs that were put upon the boiler by the defendant after it had been procured, to the amount of $282.84. The claim of the defendant is that it was authorized to make these repairs and offset the same as against the plaintiff's claim for rent. The plaintiff contended that the defendant was required to keep the boiler in repair as a part of the rental thereof, and should not be allowed to offset the same. This question was submitted to the jury upon the evidence of both parties; and, while the jury might well have decided that the defendant's contention was right, nevertheless there is such a conflict of evidence that we do not feel authorized to reverse their determination thereof.

[2] An important contention on the part of the defendant upon this appeal is that in his answer a counterclaim was pleaded for these repairs to the amount of $285, and judgment demanded thereupon for the sum of $32.56, which is the amount of the counterclaim in excess of the amount confessedly due for rent. No reply was served. At the opening of the trial, when plaintiff was asked to state the contract, an objection was made that for failure to reply the plaintiff had admitted the allegations of the claimed counterclaim, and that the only question was as to the injury to the boiler through the defendant's neglect, which claim was afterwards disallowed by the jury. This objection was overruled by the court, which ruling is claimed here to have been erroneous and prejudicial to the defendant. In American

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081, the headnote in part reads:

"A plaintiff is not precluded from contesting a counterclaim by a failure to serve a reply, unless the counterclaim is distinctly named and pleaded as such in the answer."

[3, 4] This counterclaim was not so named, and was not specifically pleaded as such in this answer; and within this authority the plaintiff had, therefore, the right to contest the defendant's claim thereunder. The authorities are not entirely in harmony upon this question. In McCrea v. Hopper, 35 App. Div. 572, 55 N. Y. Supp. 136, it is distinctly held that a counterclaim need not be named as such, and, if affirmative judgment is demanded, that the counterclaim is thus designated, and the failure to reply binds the plaintiff to the truth of allegations of fact therein. This case was affirmed by the Court of Appeals upon the opinion of Justice Barrett in the court below, in 165 N. Y. 633, 59 N. E. 1125. Other cases have been decided upon the authority of this case. The latest decision, however, is the case of American Guild. v. Damon, cited supra, which seems to hold a contrary rule, and which must be deemed binding as the latest declaration of the law by the Court of Appeals. Another answer also might be urged to the defendant's contention. While, in the answer, it is alleged that there is due from the plaintiff the sum of $338.56, less the sum of $306 to be offset thereto, and that there is still due the sum of $32.56, with interest upon the same from the 1st day of January, 1910, this is a conclusion of law; and the facts alleged from which this conclusion must follow are stated in the second paragraph of the answer to be the agreement that the defendant was to pay the sum of one dollar a day for the use, "after deducting the sums necessary to put said boiler in repair *and to keep said boiler in repair.*" Under the agreement as thus alleged, the defendant could not claim for the payment of any sum in excess of the rental which accrued for his use of the boiler; and, notwithstanding the averment of legal conclusion in the answer upon the facts alleged, an offset only, and not a counterclaim, was shown. The defendant's contention, therefore, that the court erroneously overruled the defendant's objections to plaintiff's evidence is not well made. The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.