## SAM COHN *v.* L. M. HITT *et al.**

### (*Nashville.* December Term, 1915.)

1. **BILLS AND NOTES. Indorsers. Rights of.**

A prior indorser of a note payable to a given bank is not discharged because the maker took the note to a discount broker, engaged him to secure its discount and the broker in the usual course of business indorsed the same, for there was no diversion of the proceeds of the note and the liability of the first indorser was in no way changed. (*Post, pp.* 468, 469.)

Cases cited and approved: Perkins v. Ament, 39 Tenn., 116; Hickerson v. Raiguel, 49 Tenn., 329; Hermitage National Bank v. Carpenter, 131 Tenn., 136.

2. **BILLS AND NOTES. Indorser's liability.**

Negotiable Instruments Law (Laws 1899, ch. 94) sec. 64, declares that a person who places his signature in blank upon an instrument before delivery is liable as an indorser, while section 68 declares that, as respects one another, indorsers are liable *prima facie* in the order in which they indorse, but evidence is admissible to show that as between themselves they have agreed otherwise. Defendant indorsed a note for the accomodation of the maker and thereafter, to secure its discount, complainant also indorsed it. There was no evidence of any agreement whereby complainant should be primarily liable. *Held,* that as there was no diversion of the note, defendant was, both under the statute and at common law, liable to complainant, who was forced to pay the note at maturity. (*Post, pp.* 469-471.)

Act cited and construed: Acts 1889, ch. 94.

Cases cited and approved: McDonald v. Magruder, 3 Pet., 474; In re McCord (D. C.), 174 Fed., 72; Goldman v. Goldberger, 208 Fed., 877; Wilson v. Hendee, 74 N. J. Law, 640; State Bank v. Kahn, 49 Misc. Rep., 500; Harris v. Jones, 23 N. D., 488.

Cases cited and distinguished: Marr v. Johnson, 17 Tenn., 1; Wallace v. Greenlaw, 77 Tenn., 115.

*On the question of character under uniform negotiable instrument law of one who places name on back of note prior to or at time of delivery, see note in 14 L. R. A. (N. S.), 842.

On the question of rights inter se of accommodation parties to commercial paper, see note in 28 L. R. A. (N. S.), 1039.

---

Cohn v. Hitt.

---

FROM DAVIDSON

---

Appeal from the Chancery Court of Davidson County—JOHN ALLISON, Chancellor.

W. R. CHAMBERS and JAMES B. NEWMAN, for appellant.

NATHAN COHN, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was instituted by complainant, Cohn, to recover on a note for $3,000 against Hitt, as maker, and Gupton as first indorser.

Hitt applied to Cohn to aid him in borrowing $3,000, asking whether if he, Hitt, should procure his own note to be indorsed by Gupton, Cohn could get it discounted at the Fourth National Bank. After making inquiry as to Gupton's financial standing, Cohn agreed that if Hitt would bring him a note payable to that bank and so indorsed he would, for a fee of $100 (Cohn being a licensed securities dealer), take the note to that bank and procure it to be discounted. This was done, the bank, in accordance with its custom, requiring Cohn to indorse the note, he being a customer of that bank. It was explained to Cohn by Hitt that both he and Gupton were customers of another national bank, and

it was preferred that the discount bc made in the Fourth National Bank so that the lines of credit of Hitt and Gupton in their own bank would not be affected or interfered with. Hitt went to the bank of discount with Cohn, but did not actually see Cohn indorse the note. Cohn received $2,955, (six per cent. interest being deducted) from the discount clerk, and handed same to Hitt, who paid Cohn his fee.

The note was renewed several times; on the first and every occasion Gupton's name preceded that of Cohn as indorser. When the original note was taken up by the first renewal, Hitt became aware of the actual fact of Cohn's indorsement, though from the outset he presumed that Cohn would be required, in accordance with the course of business, to indorse, and that he would accordingly do so. Gupton did not know of the indorsement of the several instruments by Cohn.

The chancellor decreed in favor of complainant Cohn against both defendants, but Gupton only has appealed.

His first contention is that, since he did not execute the note with the expectation or understanding that Cohn would figure in the transaction, or know that Cohn had done so, the latter could not, by his own act, bring about privity with, or liability on the part of, appellant. We can see no bearing that those facts have upon the rights of the parties. If the note, after the signature of Gupton was obtained, was diverted by being used with a person, or at a bank of discount other than the one agreed upon, there might be room for a contention of nonliability on the part of appellant.

*Perkins* v. *Ament,* 2 Head (39 Tenn.), 116; *Hickerson* v. *Raiguel,* 2 Heisk. (49 Tenn.), 329, 334; *Hermitage National Bank* v. *Carpenter,* 131 Tenn., 136, 142, 174 S. W. 263.   But all that was done was but in furtherance of a discounting at the bank agreed on at the time Gupton indorsed the note.

No change in the mere subordinate steps in the plan for raising the money on a note thus indorsed for accommodation will constitute a diversion.   If the note effected the substantial purpose for which it was designed by the parties, the indorser, though one for accommodation, cannot defend on the ground that the accommodation was not effected in the precise manner contemplated, where, as here, his interests have not been prejudiced.   1 Daniel, Neg. Inst. (6th Ed.), sec. 793.

The next insistence is that Cohn must be treated as a joint indorser, and therefore, cosurety, so to speak, with appellant; and, though it is conceded that Cohn purchased of the payee bank and took a transfer of the last renewal note at its maturity, it is argued that he is entitled to recover from appellant no more than one half of the amount of the note.

At an early day it was held in this State, following the decision of the Supreme Court of the United States in *McDonald* v. *Magruder,* 3 Pet., 474, 7 L. Ed., 744, that a prior indorser is liable to every person whose name is placed on the note subsequent to his own, and who has been compelled to pay its amount.

"This is the regular course of business, when notes are indorsed for value; nor is the case altered, as it is contended, where the indorsements are made for the accommodation of the drawer. Where there is no contract between the parties, other than is created by their respective indorsements provided by the act of indorsement, the first indorser gives his name to the maker of the note for the purpose of using it in order to raise the money mentioned on its face; he makes himself responsible for the whole sum, upon the sole credit of the maker. His undertaking is undivided, and he is responsible for the whole."*Marr* v. *Johnson,* 9 Yerg. (17 Tenn.), 1; *Wallace* v. *Greenlaw,* 9 Lea (77 Tenn.), 115.

The Negotiable Instrument Law (Act 1899, ch. 94) recognizes and embodies, and does not change this rule. Thus:

"Sec. 64. Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable, as indorser, in accordance with the following rules:

"1. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties. . . . "

Section 68 defines the rights and liabilities of indorsers *inter sese*:

"As respects one another, indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise."

Cohn v. Hitt.

This refers to irregular or accommodation indorsers as well as regular indorsers. Without proof of an agreement prior indorsers for accommodation are liable *in solido* to a subsequent indorser who has paid the note. The law fixes their *prima facie* liability in accordance with the order of their names on the paper. *In re McCord* (D. C.), 174 Fed., 72; *Goldman* v. *Goldberger,* 208 Fed., 877, 126 C. C. A., 35; *Wilson* v. *Hendee,* 74 N. J. Law, 640, 66 Atl. 413; *State Bank* v. *Kahn,* 49 Misc. Rep., 500, 98 N. Y. Sup., 858; *Harris* v. *Jones,* 23 N. D., 488, 136 N. W., 1080.

It is not claimed that there existed any agreement between the indorsers express or implied, tending to change this order of liability. Indeed, the proof and theory of appellant is that he did not even know of the indorsement by Cohn, and the latter expressly stipulated that the note should be delivered to him with the name of Gupton indorsed thereon. *Harris* v. *Jones, supra.*

Other assignments of error are disposed of in a memorandum for decree.    Affirmed.