NIAGARA COUNTY NATIONAL BANK AND TRUST COMPANY, Plaintiff, v. ROY J. LA PORT and Others, Defendants.

Supreme Court, Niagara County, July 9, 1931.

*Saperston, McNaughtan & Saperston [Howard T. Saperston* and *Omar G. Olds* of counsel], for the defendants Macon.

*George C. Lewis,* for the defendant Raymond G. La Port.

*Roy H. Ernest,* for the defendant Ruhlmann.

NOONAN, J. This is the return of an order obtained by the defendants William Macon and Otto Macon, requiring the plaintiff, the defendants Raymond G. La Port and Earl A. Ruhlmann, and Ralph A. Irish, sheriff of Niagara county, to show cause why an order should not be made satisfying and discharging of record the judgment obtained by the plaintiff in this case, and vacating all proceedings had thereon, subsequent to August 30, 1930.

The facts, as they appear from the moving papers, are as follows: On October 29, 1929, the defendant Roy J. La Port made his certain promissory note whereby he promised three months after that date to pay to the order of the defendant Raymond G. La Port, at the Niagara County National Bank and Trust Company at Lockport, the sum of $10,000. The note was indorsed by the other defendants in the following order: First, Eugene A. Ruhlmann; second, Raymond G. La Port; third, William Macon; fourth, Otto Macon. The note not having been paid at maturity, the plaintiff brought this suit against the maker and all four of the indorsers. All of the defendants having defaulted, an order was made severing the action as against the defendants William Macon and Otto Macon, and on April 3, 1930, judgment was entered in favor of the plaintiff and against William Macon and Otto Macon in the amount of $10,141.07. Thereafter, and on August 30, 1930, in consideration

of the amount of the judgment, the plaintiff assigned the same to the defendants Raymond G. La Port and Eugene A. Ruhlmann without recourse against the plaintiff. Thereafter execution was issued on the judgment and a levy made by the sheriff upon certain real property in the city of Lockport, claimed to belong to the defendants William Macon and Otto Macon, but of which they deny ownership.

The moving papers on both sides set up various facts and circumstances from which it is claimed on behalf of the moving parties that there was no understanding or agreement by which the liability of the indorsers was in any way different from that imposed upon them by law as a result of the order of their indorsements, and from which the defendants Raymond G. La Port and Eugene E. Ruhlmann claim that there was an agreement or understanding whereby the indorsers were to be liable equally as cosureties.

Under section 116 of the Negotiable Instruments Law, the subsequent indorser who has paid may recover from the prior indorser in absence of an agreement to the contrary; and under section 118, which is declaratory of the common law, indorsers are *prima facie* liable in the order of their indorsements (8 C. J. 380, § 565; *State Bank* v. *Kahn*, 49 Misc. 500), but evidence is admissible to show that as among themselves they have agreed otherwise. (*George* v. *Bacon*, 138 App. Div. 208.)

Under section 201 of the Negotiable Instruments Law, a person secondarily liable upon a negotiable instrument is discharged by the discharge of a prior party. (*State Bank* v. *Kahn, supra;* 8 C. J. 585, § 821; *Coonley* v. *Wood*, 36 Hun, 559; *American Guild of Richmond* v. *Damon*, 186 N. Y. 360; *Cockcroft* v. *Muller*, 71 id. 367.) Under the section last cited, payment of the note or of the judgment obtained thereon by the first and second indorsers operates as a discharge thereof as against the third and fourth indorsers. It makes no difference that an assignment of the judgment was taken instead of a satisfaction thereof. When the plaintiff was paid it lost its right to enforce its judgment against the Macons, and the assignees succeed only to the rights of the assignor. (34 C. J. 650, § 999.)

It may be that the first and second indorsers can show facts establishing that they have a right of contribution enforcible against the third and fourth indorsers, but that vital question should not be determined summarily upon notice. If they have such a right, they have also a remedy by suit to enforce it, but their remedy is not by way of execution upon the judgment already obtained, for to permit them to enforce it in that manner would deny to the third and fourth indorsers the opportunity to litigate the existence of the

alleged agreement or understanding upon which the claim to contribution is founded.

As stated above, judgment was entered against the defendants William Macon and Otto Macon only, and the execution was issued against their property only.

Therefore, the motion to discharge the judgment as against the defendants William Macon and Otto Macon, and vacate all proceedings thereunder subsequent to the 30th day of August, 1930, which is the date of the assignment, should be granted without prejudice to the right of the defendants Raymond G. La Port and Eugene A. Ruhlmann to enforce contribution by direct action or proceeding for that purpose if they can establish that the right to contribution exists. Let an order be entered accordingly.