In re ANDRUS et al., Bronx Valley Sewer Commission.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

MUNICIPAL CORPORATIONS (§ 864*)—PUBLIC IMPROVEMENTS—INDEBTEDNESS—STATUTES.

Laws 1905, c. 646, as amended by Laws 1907, c. 747, and Laws 1909, c. 96, creating a commission with power to construct a sanitary sewer at an expenditure not exceeding $2,250,000, and prohibiting the commission from contracting for any greater expenditure, and authorizing a county to issue bonds for the cost, not exceeding such sum, limits the amount the commission may incur for the work, and the amount received by the county as premiums on a sale of its bonds for the full amount cannot be diverted to the payment of persons who have performed work in excess of the specified sum; the limitation on the indebtedness precluding any possibility of a debt in excess thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1828–1835; Dec. Dig. § 864.*]

Appeal from Special Term, Westchester County.

Application for mandamus by John E. Andrus and others, constituting the Bronx Valley Sewer Commission, against George T. Burling, as Treasurer of the County of Westchester. From an order denying in part the application for a peremptory writ, petitioners appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James M. Hunt, for appellants.

Henry R. Barrett, for respondent.

WOODWARD, J. The petitioners, who are the appellants here, constitute the membership of the Bronx Valley Sewer Commission, a body created by chapter 646 of the Laws of 1905, and amended by chapter 747 of the Laws of 1907 and chapter 96 of the Laws of 1909, without changing the general character of the act. Under the provisions of the act in question the sewer commission was created and vested with the power to take and hold all of the property, real, personal, and mixed, which should be necessary for the purpose of constructing a sanitary sewer for the accommodation of several municipalities in the Bronx Valley, and it was provided by section 1 of the original act that:

"The said commissioners shall so carry out the powers and provisions of this act that the total amount of all expenditures made or liabilities incurred by them for the construction, operation and maintenance of said sewer and outlet sewer and for obtaining lands and easements therefor, shall not exceed two million dollars, and they are prohibited from contracting for any greater expenditure."

This provision was subsequently amended, so that it now provides that the expenditure for the construction, operation, and maintenance of said sewer shall not exceed $2,250,000. Section 8 of the act likewise provided that the commissioners should advertise for bids, but that "no contracts shall be awarded for one section of this sewer, until estimates have been received for all sections, so that in no event the limit fixed by this act as to the cost of the total work shall be exceeded," and throughout the act there is an evident disposition to carefully safeguard the rights of the public.

Section 14 of the act provided that:

"To pay the cost of construction of the sanitary trunk sewer and outlet sewer herein provided for, and to pay all the expenses and liabilities lawfully incurred by the commissioners under this act, the county of Westchester is hereby authorized to issue, in the name and under the seal of the said county in behalf of the district laid out on the plan and map approved under section 2 of this act as modified by this act, its bonds, in addition to the amount which it is now authorized to raise, in such sum or sums as shall equal the entire cost of the sewer hereunder not to exceed two million dollars."

This provision was enlarged by chapter 747 of the Laws of 1907, so that the expenditure might aggregate $2,250,000.

The bonds of Westchester county have been issued up to the full amount authorized by the statute, and upon a sale of these bonds a premium of $117,172.50 was realized, and the sum of $34,000 has come into the hands of the treasurer of Westchester county, who is ex officio treasurer of the Bronx Valley Sewer Commissioner, so that there is now on hand the sum of $151,172.50 in excess of the full amount authorized to be expended in the completion of this work.

The petitioners recite these facts, in an application for a peremptory writ of mandamus to compel the treasurer of Westchester county to pay over these sums upon the orders of the commissioners, and allege that:

"The balance remaining in the hands of said George T. Burling, exclusive of such interest on bank balances and such premium received on the sale of bonds, is now small, by reason of the fact that very nearly the whole of the total sum of $2,250,000 has been expended in paying amounts due the contractor for construction purposes and other necessary disbursements in connection with the construction and maintenance of said sewer and outlet sewer, except that upwards of $150,000 of said $2,250,000 have been expended from said funds in obtaining lands and easements for said sewer."

The learned court at Special Term granted the request of the petitioners to the extent of directing the payment of the sum received for interest, but denied the application in so far as it sought to make use of the sum received as a premium on the sale of the bonds, and the petitioners appeal to this court from so much of the order as denies this relief.

In plain language the commissioners who have been selected to do a particular piece of work at a cost not to exceed $2,250,000 ask this court, by a peremptory writ of mandamus, to say that they may expend $2,400,000; and we ask, Whence comes this power to this court? If language can be made definite and certain, the statutes here under consideration have fixed the utmost limit to which expenditures can be made for this work. The law which created this commission has likewise fixed the limits of its powers. It has specifically provided that the said—

"commissioners shall so carry out the powers and provisions of this act that the total amount of all expenditures made or liabilities incurred by them for the construction, operation and maintenance of said sewer and outlet sewer, shall not exceed two million two hundred and fifty thousand dollars, and they are prohibited from contracting for any greater expenditure."

Every individual who has contracted with this commission has had notice, by public law, of the limitations under which it acted. It has no power to contract for anything which would bring the expenditures or obligations above the sum fixed by the Legislature, and, the limit having been fixed by the legislative power of this state, it is not for this court to say that the limitation is to be disregarded, simply because there happens to be a sum in excess of the amount named in the hands of the treasurer. The authority of the statute was not to issue bonds to the full amount of $2,250,000 at all events. The authority was to—

"pay the cost of construction of the sanitary trunk sewer and outlet sewer herein provided for, and to pay all the expenses and liabilities *lawfully* incurred by the commissioners under this act, the county of Westchester is hereby authorized to issue * * * its bonds * * * in such sum or sums as shall equal the entire cost of the sewer hereunder not to exceed two million two hundred and fifty thousand dollars."

The amount of all of the cost of construction, etc., could not exceed the sum named. That was the limit of the "liabilities lawfully incurred by the commissioners," and the bonds of Westchester county could only lawfully be issued to an amount which would pay "the entire

cost of the sewer hereunder not to exceed two million two hundred and fifty thousand dollars." The sum received as premiums was $117,172.50 in excess of the sum which could be lawfully expended upon this work, and this sum cannot be properly diverted ot the payment of persons who have performed work in excess of the sum fixed as the limit of the power of the commissioners.

The rule is well settled that, when the amount of the indebtedness of a municipal corporation is limited by law, no debt can be created in excess thereof (20 Am. & Eng. Enc. of Law, 1172; Woodside Water Co. v. Long Island City, 23 App. Div. 78, 48 N. Y. Supp. 686, affirmed on opinion below 159 N. Y. 558, 54 N. E. 1095), and no reason suggests itself why the rule should be modified in the case of a quasi municipal corporation or commission.

The order of the Special Term should be affirmed, with $10 costs and disbursements. All concur.