THE NEW YORK CATHOLIC PROTECTORY, Appellant, *v.* ROCKLAND COUNTY, Respondent.

Counties — actions may be brought by or against a county — claims — certiorari sole remedy where supervisors disallow claim after audit — pleading — complaint, in action against county, alleging audit by board of supervisors, states no cause of action.

1. The County Law (Cons. Laws, ch. 11, § 4) expressly provides for the bringing of actions or special proceedings by or against a county in the name of the county.

2. A person having a claim against a county may either sue directly upon it or present it to the board of supervisors for audit. If the latter course is pursued and the board of supervisors refuse to audit it, two courses are still open, one to compel an audit by mandamus, the other to bring an action directly against the county. But if the board of supervisors pass upon a claim and disallow it, either in whole or in part, the sole remedy is to review the determination, if erroneous, by certiorari.

3. A complaint, in an action against a county, which alleges that the plaintiff presented its claim to the board of supervisors of the defendant, and that the latter " did, as plaintiff is informed and believes * * * wholly disallow said claim," states no cause of action, for the reason that the determination of the board of supervisors is conclusive in the action. (*Kennedy* v. *County of Queens,* 47 App. Div. 250, distinguished.)

*N. Y. Catholic Protectory* v. *Rockland County,* 159 App. Div. 455, affirmed.

(Submitted June 3, 1914; decided July 14, 1914.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1913, which reversed an order of Special Term granting a motion by plaintiff for judgment in its favor upon the pleadings and denied said motion.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Joseph T. Ryan* and *Forbes J. Holland* for appellant. The complaint herein states facts sufficient to constitute a cause of action. (*Kennedy* v. *County of. Queens,* 47 App. Div. 250; *People ex rel. Goodwin* v. *Coler,* 48 App. Div. 492; *People ex rel. Martin* v. *Westchester County,* 53 App. Div. 339; *W. N. Y. Inst.* v. *Broome Co.,* 82 Misc. Rep. 63; *P. J. Water Co.* v. *Vil. of Port Jervis,* 151 N. Y. 111; *People ex rel. Benedict* v. *Supervisors,* 24 Hun, 413; *St. Agnes School* v. *Co. of Erie,* 68 Misc. Rep. 648.)

*George A. Blauvelt* and *Joseph A. Warren* for respondent. The complaint does not state facts sufficient to constitute a cause of action. There was an audit of plaintiff's claim by the board of supervisors as appears on the face of the complaint. (*People ex rel. Myers* v. *Barnes,* 114 N. Y. 317.) The audit by the board of supervisors is conclusive. (*Foy* v. *County of Westchester,* 168 N. Y.

180; *Bank of Staten Island* v. *City of New York,* 68
App. Div. 231; 174 N. Y. 519; *Becker* v. *Co. of Oneida,*
157 App. Div. 457.)

Miller, J.   The question certified is whether the com-
plaint states facts sufficient to constitute a cause of action.
The action is brought to recover for the care, maintenance,
education and support of certain minor children, com-
mitted to the plaintiff's institution by judicial officers of
the defendant.

The County Law expressly provides for the bringing
of actions or special proceedings by or against the county
in the name of the county (Laws of 1909, ,chap. 16, article
2, section 4); and we regard it as now settled by authority
that an action may be maintained against a county.
(*Freel* v. *County of Queens,* 154 N. Y. 661.)   A review
of the statutory law on the subject will be found in
the opinion of Mr. Justice Goodrich in *Kennedy* v.
*County of Queens* (47 App. Div. 250).   He pointed out
that the provision of the Revised Statutes requiring
accounts for county charges to be presented to the board
of supervisors for audit was repealed by the County Law,
passed in 1892.   (Chap. 686.)   The question in this case is
whether the plaintiff pleaded itself out of court by alleg-
ing that it presented its claim to the board of super-
visors of the defendant and that the latter "did, as
plaintiff is informed and believes, on or about the 22nd
day of January, A. D., 1912, wholly disallow said claim."

It is well settled that an audit by a board of supervisors
is not open to collateral attack in the absence of fraud or
collusion.   (*People ex rel. Johnson* v. *Supervisors of
Delaware County,* 45 N. Y. 196; *Osterhoudt* v. *Rigney,* 98
N. Y. 222; *Foy* v. *County of Westchester,* 168 N. Y. 180;
*People* v. *Sutherland,* 207 N. Y. 22.)   An audit may
consist either of the total disallowance of a claim or of its
allowance in whole or in part.   To "audit" is to hear
and examine and includes both the allowance and disal-

lowance of a claim. (*People ex rel. Brown* v. *Board of Apportionment,* 52 N. Y. 224; *People ex rel. Myers* v. *Barnes,* 114 N. Y. 317.) The liability of the county in this case depended on questions of fact, and an erroneous determination of the board of supervisors could only be corrected on a review by certiorari. The disallowance of the claim by the board of supervisors is, therefore, conclusive on the plaintiff in this action.

The plaintiff relies upon the case of *Kennedy* v. *County of Queens* (*supra*). That was an action on a contract which the complaint alleged the board of supervisors had by resolution refused to recognize. Such refusal was equivalent to a refusal to audit, which is very different from an audit and disallowance of a claim. Doubtless a person having a claim against a county may either sue directly upon it or present it to the board of supervisors for audit. If the latter course is pursued and the board of supervisors refuse to audit it, two courses are still open, one to compel an audit by mandamus (*People ex rel. Thurston* v. *Town Auditors of Elmira,* 82 N. Y. 80), the other to bring an action directly against the county. But if the board of supervisors pass upon a claim and disallow it, either in whole or in part, the sole remedy is to review the determination, if erroneous, by certiorari. If, as a matter of fact in this case, the board of supervisors refused to examine the claim on the merits, the draftsman of the complaint was unfortunate in the use of language. Under the complaint as it stands the plaintiff has no cause of action for the reason that the determination of the board of supervisors is conclusive upon it in this action.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the negative.

Willard Bartlett, Ch. J., Werner, Hiscock, Chase, Hogan and Cardozo, JJ., concur.

Order affirmed.