This is strictly applicable here. It is true section 23 of the Personal Property Law had not been enacted at the time of that decision, but that in no way changes the situation, as it does not affect a trust of real property. A court of equity may relieve the settlor of the trust. Sharman v. Jackson, 98 App. Div. 187, 90 N. Y. Supp. 469. But I think she cannot terminate the trust without application to the court. Neal v. Black, 177 Pa. 83, 35 Atl. 561, 34 L. R. A. 707; Neisler v. Pearsall, 22 R. I. 367, 48 Atl. 8, 52 L. R. A. 874; Sewall v. Roberts, 115 Mass. 262; Keyes v. Carleton, 141 Mass. 45, 6 N. E. 524, 55 Am. Rep. 446. By the trust deed in question here two powers are created; one to convey, transfer, and pay over to persons appointed in the settlor's will, and the other to convey, transfer, and pay over "to such person or persons as by the laws of the state of New York then in force relating to the descent and distribution of the real and personal estate of the intestate decedents would be entitled to receive the said property if this instrument had not been executed, and the said party of the first part had died seized and possessed of and being the lawful owner of the said property so invested." By section 148 of the Real Property Law a power is irrevocable unless the power to revoke it is reserved in the instrument. The power to revoke these powers was not reserved in the instrument. The trust in question has not been revoked. The court will appoint a substituted trustee.

Motion granted.

---

(173 App. Div. 263)

NEW YORK CENT. R. CO. v. WESTCHESTER COUNTY et al.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. COUNTIES ⬤⟳117—PUBLIC IMPROVEMENTS—CONSTRUCTION OF STATUTE— ADVERTISEMENT.

   Laws 1905, c. 646, creating the Bronx Valley sewer commission, with authority to construct a sewer, section 15 of which provides that all work thereby authorized to be done and all materials authorized to be furnished involving an expenditure of over $1,000 shall be procured by contract pursuant to the provisions of the act relating to public advertisement for bids and the letting of contracts, has no application to contracts for the acquisition of real property or easements in realty required by the definite plan for the construction of a sewer, such as a contract by the sewer commissioners with plaintiff railroad and others by which easements were acquired in their roadbeds in consideration of the reimbursement of their actual expenses in protecting their roadbeds during the sewer construction.

   [Ed. Note.—For other cases, see Counties, Cent. Dig. § 188; Dec. Dig. ⬤⟳117.]

2. COUNTIES ⬤⟳206(3)—PUBLIC IMPROVEMENTS—ACTION AT LAW—STATUTE.

   Under Laws 1905, c. 646, creating the Bronx Valley sewer commission, with authority to construct a sewer, section 13 of which provided that the construction expenses should be paid by the county treasurer on the certification of the sewer commissioners out of money coming into his hands from the proceeds of the sale of bonds of the county authorized by section 14, limiting the entire cost of the sewer to $2,000,000, subsequently increased by amendatory acts, plaintiff railroad claiming the amount expended for the protection of its roadbed during the sewer construction after the commissioners failed to give any certificate to the county treasurer for the payment of its claim, in effect refusing an audit of what

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was, under the statute, a county charge, might maintain an action at law against the county, and it was not incumbent upon the plaintiff to prove the existence of such fund.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 328–330; Dec. Dig. ☞206(3).]

3. COUNTIES ☞222—PUBLIC IMPROVEMENTS—ACTION FOR DAMAGES—PLEADING—DEFENSES.

In such case, that claims against the county rendering the cost of the sewer construction greater than the total amount authorized by the statute, could not be enforced against the county, was a matter of defense, to be pleaded and proven, and, where it was not pleaded, and no offer was made to prove it, plaintiff's claim would be assumed to be within the amount authorized by statute.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 355–359; Dec. Dig. ☞222.]

Appeal from Special Term, Westchester County.

Action by the New York Central Railroad Company against the County of Westchester and others. From a judgment for plaintiff, the County appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Arthur M. Johnson, of Mt. Vernon, for the appellant.
John F. Brennan, of Yonkers, for the respondent.

CARR, J. The defendant the county of Westchester appeals from a judgment against it in the sum of $18,092.50. The plaintiff's claim arose out of the construction of the Bronx Valley sewer, which was constructed under the provisions of chapter 646 of the Laws of 1905. There is no dispute as to the facts. The important question presented upon this appeal is whether the plaintiff may maintain an action at law to recover the amount of its claims against the county of Westchester. The appellant's contention is that section 13 of the statute provides a specific method for the payment of all claims arising from the construction of the sewer therein authorized, and that this method is exclusive and no remedy at law exists.

[1] The sewer commissioners appointed under that statute were authorized to acquire any land and easements in land that might be required in the prosecution of the work of construction, and they were further authorized to acquire such lands or easements by mutual agreement with the respective owners, and, in the event that no agreement could be made, to prosecute the necessary condemnation proceedings. The sewer commissioners made agreements with the plaintiff and its assignors, other railroad corporations, by which easements were acquired in the roadbeds of various steam railroads under which the sewer was to be constructed according to the provided plan of construction. The consideration for the grants of these easements was the reimbursement to the railroad corporations of the actual cost and expenses of the various railroad companies in protecting their roadbeds during the prosecution of the work of sewer construction at the various points where the sewer crossed under the beds of the railroads. These claims of the plaintiff are made up of various independent items, sev-

eral of which exceed the sum of $1,000. The appellant claims that there is no liability for these items, as there was no public advertisement for bids and letting of contracts as to these items as required by section 15 of the statute. If that section applies to the situation at bar, then these items, set forth in the first, fifth, and seventh causes of action of the amended complaint do not constitute legal charges against the county of Westchester. Section 15, as aforesaid, provides as follows:

"All work hereby authorized to be done, and all materials hereby authorized to be furnished, involving an expenditure of over one thousand dollars, shall be procured by contract made in the manner required by and pursuant to the provisions of this act."

I think this section of the statute had no application to contracts made for the acquisition of real property or easements in real property required by the definite plan for the construction of the sewer. These contracts in their very nature could not be subject to advertisements for bids and a public letting. It is true that the agreement for acquisition of the easements in question required as a consideration the payment of an amount to be ascertained and not a then fixed purchase price. But the amount to be ascertained was fixed upon the actual cost of certain things necessary to be done by the various railroad companies and was readily fixable when such things were done. I think this point of contention, as set forth in the appellant's point IV, is not well taken.

[2, 3] This brings us to the serious point of this appeal. Can the plaintiff maintain an action at law, in view of the provisions of section 13 of the act of 1905? That section provides that the expenses of the construction of the sewer—

"shall be paid by the county treasurer on the certification of the said sewer commissioners, * * * out of money or funds which shall come into his hands as provided in this act and which under the provisions of this act shall be applicable for that purpose. And all moneys which may become due and payable by virtue of the provisions of this act shall be paid by the county treasurer of Westchester county out of funds by this act applicable to that purpose."

The funds "by this act applicable to that purpose" were the proceeds of the sale of bonds of Westchester county authorized by section 14 of the act. In that section the entire cost of the sewer was limited to $2,000,000, but the amount of the limited total cost of the construction was subsequently increased to the sum of $3,866,120 by amendments of this section of the statute by chapter 869 of Laws of 1911, chapter 550 of Laws of 1912, and chapter 487 of Laws of 1914.

It was held practically by this court in Matter of Andrus v. Burling, 144 App. Div. 805, 129 N. Y. Supp. 720, that no claims against the county, which would render the cost of the construction of the sewer greater than the total amount authorized by the statute, could be enforced against the county under the terms of this statute. But that question is not involved in this appeal. Such would be a matter of defense to be pleaded and proved. People ex rel. Gleason v. Scannell, 172 N. Y. 316, 65 N. E. 165. It was not pleaded, and no offer was made to prove it, and for the purposes of this appeal we must assume

that the plaintiff's claims were within the amount authorized by statute for the total cost of the improvement. The sewer commissioners gave no certificates to the county treasurer for the payment of the plaintiff's claims, as required by section 13 of the act. They were requested to do so, but refused. In other words, they refused an audit of what was, under the statute, a county charge. Under such circumstances an action at law could be maintained, generally, against the county. N. Y. C. Protectory v. Rockland County, 212 N. Y. 311, 106 N. E. 80.

There is nothing in this record that discloses whether the county treasurer has, or not, funds applicable to the plaintiff's claim. It was not incumbent upon the plaintiff to prove the existence of such funds, if it had the right to maintain an action at law. The legal question involved on this appeal has been considered recently by the United States Circuit Court of Appeals (Second Circuit), with reference to this very statute, in American Pipe & Construction Co. v. Westchester County, 225 Fed. 947, 141 C. C. A. 71, where it was held that an action at law could be maintained against the county of Westchester for work done under the provisions of this statute. That decision is not binding upon this court as an authority, but we approve of the reasoning of the opinion.

The judgment is affirmed, with costs. All concur.