CHARLES F. DELANO, Respondent, *v.* THE COUNTY OF SUF-
FOLK, Appellant.

Second Department, May 21, 1920.

**Counties — actions against — right to sue county in its name —
claims — option to present for audit or sue — special auditor's
act for Suffolk county construed.**

An action may be brought against a county in its name under sections 3
and 4 of the County Law.

A person having a claim against a county may present it for audit or may sue
the county directly.

The special auditor's act for Suffolk county (Laws of 1916, chap. 107, as
amd. by Laws of 1917, chap. 58) does not change the rule stated and
an action may be brought against that county in its name.

JAYCOX, J., dissents.

APPEAL by the defendant, The County of Suffolk, from an
order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of
Suffolk on the 20th day of February, 1920, denying the defend-
ant's motion for judgment on the pleadings, consisting of the
complaint and answer.

*Percy L. Housel* [*Robert S. Pelletreau* with him on the brief].
for the appellant.

*Joseph Wood,* for the respondent.

Order affirmed, with ten dollars costs and disbursements,
upon the opinion of Mr. Justice CROPSEY at Special Term.

JENKS, P. J., MILLS, RICH and BLACKMAR, JJ., concur; JAY-
COX, J., dissents upon the ground that the exclusive remedy
was an application for audit to the county auditor of the county
of Suffolk.

The following is the opinion delivered at Special Term:

CROPSEY, J.:

Before the enactment of the provisions in the County Law
making counties municipal corporations and directing actions
by or against them to be in the name of the county there were

numerous decisions holding a county could not be sued in its name, and the same has been stated since the County Law enactment. (*Albrecht* v. *County of Queens,* 84 Hun, 399.) But the language of the County Law is plain and broad (§§ 3, 4, and see § 6, added by Laws of 1917, chap. 578), and the more recent and controlling decisions hold that an action against the county in its name may be maintained. (*Kennedy* v. *County of Queens,* 47 App. Div. 250; *New York Catholic Protectory* v. *Rockland County,* 212 N. Y. 311; *N. Y. C. R. R. Co.* v. *County of Westchester,* 173 App. Div. 263; affd., 224 N. Y. 646; *Western N. Y. Inst. for Deaf Mutes* v. *County of Broome,* 82 Misc. Rep. 63; *American Pipe & Const. Co.* v. *Westchester County,* 225 Fed. Rep. 947.) A person having a claim against a county has the option of presenting it for audit or of suing upon it directly. (*New York Catholic Protectory* v. *Rockland County,* 212 N. Y. 311.) The special auditor's act for Suffolk county (Laws of 1916, chap. 107, as amd. by Laws of 1917, chap. 58) does not change this rule. Defendant's motion for judgment on the pleadings denied, with ten dollars costs.