In the Matter of the Application of ASSOCIATED BUFFALO ARCHITECTS, INC., Petitioner, for a Certiorari Order Directed to THE BOARD OF EDUCATION OF THE CITY OF BUFFALO, NEW YORK, Respondent.

Supreme Court, Erie County, September 1, 1926.

Certiorari — motion for certiorari order to review action of board of education in rejecting claims — claim is for work rendered and for breach of contract and involves counterclaim — proper remedy is by action.

Where a board of education rejects the claims of architects for a balance due on a contract and for damages for a breach of the contract against which the board of education has an alleged counterclaim, the proper remedy is by an action and not by certiorari to review the action of the board in rejecting the claims.

MOTION for an order of certiorari.

*Killeen & Sweeney* [*James C. Sweeney* of counsel], for the motion.

*Frederic C. Rupp, Corporation Counsel* [*Frank C. Westphal* of counsel], opposed.

NOONAN, J.   The petitioner, Associated Buffalo Architects, Inc., had a contract with the board of education of the city of Buffalo, N. Y., for architectural work in building several schoolhouses for said city.   There was also a supplemental contract.   Under these contracts certain work in drawing plans and specifications and supervising construction was done by petitioner.

There came a time when said board of education was dissatisfied with the services of petitioner, and refused to let it perform any further work, and the petitioner is now seeking to recover for services rendered before the breach of the contract and also for damages because of loss of future earnings, and the respondent alleges that it has a counterclaim for damages against the petitioner because of improper performance of its work under said contracts.

The respondent also refused to audit the claims of the petitioner until it was compelled to do so by an order of this court, and then it wholly rejected the same as it had a right to do.   (*N. Y. C. Protectory* v. *Rockland Co.*, 212 N. Y. 311, 313.)

The right to terminate the contracts and the consequences resulting therefrom are important matters to both parties, and ought to be heard in the manner that will best enable the parties

to have all the contested questions properly passed upon. While the order of certiorari may, as the cases hold, be a proper method of review of the proceedings where the determination to be reviewed is final, yet in cases such as the one at bar, where the review of the board is not final and the items in dispute are partially, if not wholly unliquidated, I am of the opinion that certiorari is not the sole remedy of the petitioner and that the matter can best be disposed of in an action at law where the pleadings will determine definitely the issues between the parties.

Under the Education Law (§ 300) the board of education of the city of Buffalo is a corporation and may sue and be sued. (*Matter of Fleischmann* v. *Graves*, 235 N. Y. 84.) I think the reason why this litigation should be determined by an action at law rather than by a review of the proceedings of the board of education is well stated by Judge HAIGHT in the case of *Port Jervis Water Co.* v. *Vil. of Port Jervis* (151 N. Y. 111, 115), where he says: " They are not constituted a tribunal for the purpose of final adjudication upon claims which they themselves dispute, for reasons that are obvious; as to such claims, the appropriate remedy is by action," citing *Reilly* v. *City of Albany* (40 Hun, 405; affd., 112 N. Y. 30); *Nelson* v. *Mayor, etc.* (131 id. 4).

Undoubtedly both parties have a right to have their respective claims passed upon by a competent tribunal. In my judgment, the most satisfactory results can be obtained in an action at law, which petitioner has a right to bring according to the case above cited. Therefore, the motion for an order of certiorari to review the determination of the board of education of the city of Buffalo in rejecting the claims of the petitioner is denied, without costs, and an order may be entered accordingly.