New York Central Railroad Company, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, New York County, April 2, 1928.

Municipal corporations — claims — action by plaintiff as tenant to recover amount expended in making necessary repairs to pier in North river in city of New York — city reserved to itself repairing of understructure of pier — defendant liable where after being given reasonable notice to make repairs plaintiff was required to rebuild pier — limitations of Greater New York charter did not relieve defendant from liability on its own contract.

In this action by the plaintiff, as tenant, to recover a sum of money expended by it in the making of necessary repairs to a certain pier in the North river, the property of the city of New York, defendant city, which in the lease reserved

to itself the repairing, rebuilding and renewing of the understructure of the pier, is liable to the plaintiff where after giving notice to the defendant to make the repairs and waiting a reasonable length of time plaintiff rebuilt the pier and charged the expense to the defendant.

The provisions of the Greater New York charter limiting the power of the defendant in making contracts were not designed to relieve it from liability on its own contracts.

The fact that there were no funds available at the time the repairs were made did not relieve the defendant from the obligations of its contract, and the fact that the defendant is a municipality and as such is unable to perform when lawfully called upon to do so because its performance is contingent upon certain conditions to be met as required by the Greater New York charter does not relieve it from its liability or obligations.

ACTION by a tenant to recover a sum of money expended by it in the making of necessary repairs to the property of a landlord.

*A. S. Lyman,* for the plaintiff.

*George P. Nicholson, Corporation Counsel,* for the defendant.

PETERS, J.   Action by a tenant to recover the sum of $15,558.64, being the expense incurred by it in making necessary repairs to the property of the landlord.

On or about July 23, 1914, by an indenture of lease, the defendant leased to the plaintiff for the term of ten years from October 8, 1914, a certain pier known as Pier 76, North river.  This was a renewal lease pursuant to a provision in a prior lease between the same parties.  The original lease was authorized by the commissioners of the sinking fund in 1904 and the plaintiff has continuously been in possession of the premises under the leases.  The resolution adopted by the commissioners of the sinking fund and approved on July 27, 1904, provided: " The lease to contain a covenant that the City shall assume the cost of repairing, rebuilding or renewing the understructure of that part of the pier built in 1885, to wit, the inner 500 feet of said pier."

The lease provided in part: " And the said party of the second part covenants and agrees that it will at all times during the said term, at its sole cost, charge and expense, put, keep and maintain in good and sufficient order and repair, the planking, string pieces, mooring piles and all other parts and portions of said pier except the understructure of that part of the pier built in 1885, to wit, the inner 500 feet of the pier as it exists at the present time extended out to the pierhead line of 1897, the repairing, rebuilding and renewing of the understructure of the said 500 feet of the existing pier being hereby reserved to the parties of the first part."

In and prior to the year 1922 the understructure and certain parts of the superstructure of the inner 500 feet became dilapidated

through the process of wear and tear, to such a degree that plaintiff considered the premises unsafe and dangerous for occupancy. Thereupon it notified the commissioner of docks of the condition of the understructure and demanded that necessary repairs be made thereto. The commissioner advised plaintiff that no funds were available to make the repairs; that an application for an appropriation had been sent to the board of estimate and apportionment, and requested to be advised whether an arrangement could be made whereby the forces of plaintiff could make the necessary repairs and be reimbursed by defendant for the cost of such work. Plaintiff advised the commissioner that its maintenance forces were ready to do the work; that if the work was not actively begun by the defendant within ten days it would perform such repairs as it considered necessary to put the premises in a proper condition and that the expense of making such repairs would be charged to and collected from defendant. The commissioner advised plaintiff that he had " no objection to them taking the course as indicated " and that " such repairs as are required to be made by the city under the terms of the lease, the cost of making such repairs, when finally ascertained and agreed upon, to be charged to the City of New York."

Plaintiff thereupon made the repairs during the period between October, 1922, and January, 1924, the fair and reasonable value of which was $15,558.64.

The defendant in the lease reserved to itself the repairing, rebuilding and renewing of the understructure in question, thus relieving the plaintiff from performing that duty. Defendant thereby assumed an obligation which otherwise would have been cast by law upon the plaintiff. While no mention is made in the clause of the lease that the defendant would assume the cost and expense of making the repairs, such is the result of the language used in the lease, for an assumption of the obligation to repair must of necessity include the cost of the repairs. The defendant was bound, therefore, to make the necessary repairs to the understructure of the inner 500 feet of the pier. If any ambiguity exists in the language of the lease the intent is clearly shown by the language of the resolution of the commissioners of the sinking fund. The plaintiff had the right, · after giving notice to the defendant and waiting a reasonable length of time, to make the repairs and charge the expense to the defendant, the expense measuring the damage for breach of covenant.

In the case of *Hexter* v. *Knox* (63 N. Y. 561) the court said: " The defendant also covenanted in the lease to make the alterations and repairs * * *. The plaintiff repeatedly notified the

defendant to make the necessary repairs; and after waiting six weeks proceeded to make the repairs himself * * *. Upon his failure to perform it, it was the right of the tenant to make the repairs and charge the expenses to the landlord."

Defendant further contends that the provision of the Greater New York charter relative to the letting of contracts and the making of an appropriation by the board of estimate and apportionment were not complied with. The charter limitations of the power of the defendant to make a contract were not designed to relieve it from liability on its own contracts. It has been held that similar restrictions on municipal powers are inapplicable where the circumstances are not within the purpose of the statute. (*Harlem Gas Co. v. Mayor*, 33 N. Y. 309; *N. Y. Central R. R. Co. v. County of Westchester*, 173 App. Div. 263; affd., 224 N. Y. 646; *N. Y. & Queens El. L. & P. Co. v. City of New York*, 221 App. Div. 544.)

The fact that there were no funds available at the time, or that no appropriation or provision was made in the budget, did not relieve or absolve the defendant from the obligations of its contract. If an appropriation were necessary to render a covenant operative then it would be no covenant at all, for there cannot be an obligation which is enforcible only at the option of the party to be bound. Each of the parties assumes certain obligations and agrees to perform certain duties and is bound by law to perform. The fact that one of the parties may be a municipality, and as such is unable to perform when lawfully called upon to do so, because its performance is contingent upon certain conditions to be met as provided in its charter, does not relieve it from its liability or obligations. The defendant had knowledge, from the language of the resolution of the sinking fund commissioners and the covenant in the lease, that it had a duty to perform. It cannot be held that this was a contract by the plaintiff to do certain work for the defendant and that it was necessary to comply with the provisions of the charter governing the making of contracts with the defendant. This was purely a breach of covenant by defendant, and the plaintiff was within its rights in making the repairs without entering into a further contract with the defendant to do so. It was not bound by any contingencies which were within the control of the defendant and there are no facts in the case which bring it within the purpose of the provisions of the city charter relied upon by the defendant.

A verdict is accordingly directed in favor of the plaintiff in the sum of $15,558.64, with interest from June 20, 1924.