CHARLES H. EVERETT, Plaintiff, *v.* COUNTY OF ERIE, Defendant.

Supreme Court, Erie County, September 6, 1933.

*Lafay C. Wilkie,* for the plaintiff.

*George G. Grobe* [*Thomas R. Serio* of counsel], for the defendant.

CHARLES B. WHEELER, Official Referee. This is an action to recover fees as arbitrator in an arbitration proceeding in a dispute between Liberto & Cirrulo, Inc., and the county of Erie growing out of the construction of certain buildings for the county at Wende, N. Y.

The buildings were erected under a contract which provided that disputes between the parties to the contract should be submitted to arbitration, one to be chosen by each party and a third by the two other arbitrators selected. The plaintiff was chosen as the third arbitrator and acted as such in making an award. The contract for the erection of the buildings further provided: " The arbitrators shall fix their own compensation unless otherwise provided by agreement and shall assess the costs and charges of the arbitration upon either or both parties."

Upon organizing the arbitrators fixed the sum of $100 per day as the compensation of each arbitrator.

The attorney for the county was present when such action was taken and concurred. The amount in dispute between the contractor and the county was large and involved upwards of $100,000.

The arbitrators spent a long time in hearing the respective claims of the parties and finally, in December, 1932, made their report and in that report fixed the compensation of each arbitrator at $6,000, one-half of said sum to be borne by the county of Erie,

and one-half by Liberto & Cirrulo, Inc. The arbitrators put in sixty-four days of time and the $6,000 for each was less than at the rate of $100 per day.

On April 25, 1933, the plaintiff presented his bill for $3,000 to the board of supervisors of Erie county. It was by resolution of the board referred to the committee on finance. It was received, and the committee tabled the matter and neither it nor the board have taken any further action or paid the bill.

Defendant's counsel contends that the agreement on concurrence of the counsel for the county at the first meeting of the arbitrators to the payment of $100 a day to the arbitrators for their services is not binding on the county because any agreement made by the counsel or attorney for the county fixing the fees of arbitrators involving an expenditure of public funds must be passed on by the board of supervisors or ratified by the board before it can be binding on the county.

The answer to this contention is that the right of the arbitrators to fix their own fees, and the obligation of the county to pay them goes back of any stipulation of the counsel or attorney for the county. It goes back to the original contract between the county and the contractor which provides that in matters of dispute between the county and the contractor, such differences should be settled by arbitration, and the compensation of the arbitrators should be fixed by the arbitrators. This contract purports to have been fully authorized by the board of supervisors and is binding on the county even though the attorney or counsel for the county had no independent authority by agreement to bind the county.

Counsel for the defendant further contends the compensation charged is excessive. It seems large, but the contract provided the arbitrators might fix their own compensation, and to this the counsel for the county assented. On the hearing before this referee the plaintiff called a witness, qualified to speak, who testified the charge was a reasonable one, and the defendant offered no evidence on that subject to the contrary.

Defendant's counsel further contends that the plaintiff is mistaken in his procedure, that he cannot maintain an action to recover his compensation, but is limited to having his claim audited by the board of supervisors, and that any action the board might take is subject to review by certiorari.

We are of the opinion the procedure open to those having claims against a county is quite succinctly pointed out in the case of *New York Catholic Protectory* v. *Rockland County* (212 N. Y. 311, 314).

In that case the court said a claimant may either sue in an action at law or resort to mandamus to compel the payment of his demand. It qualifies this by the statement that where the claimant has presented his claim to the board of supervisors and the board pass on the " claim and disallow it, either in whole or in part, the sole remedy is to review the determination, if erroneous, by certiorari."

If the board had in the plaintiff's case rejected his claim, then we think the plaintiff would have been compelled to have pursued such procedure. However, in the instant case the board has done nothing except to refer the matter to its finance committee, which up to the present time has done nothing. This is tantamount to a refusal to audit or allow the claim. Under these circumstances we think the plaintiff had the right to elect to sue which he has done, and that he may do this at any time before the board acts.

Counsel for the defendant further contends that the plaintiff cannot recover for the reason that the Supreme Court at the instance and on motion of the contractor set aside and vacated the report of the arbitrators.

The Supreme Court did set aside the award or report.

For the grounds on which the court acted we must look to the order itself and to the opinion of the learned justice making it. Confirmation was refused and the report set aside on the ground of errors on the part of the arbitrators in refusing to open the proceedings and take further evidence after they had considered the case and agreed on their award. And also on the ground they had taken evidence that was not reduced to writing in the proceeding.

There was no claim the arbitrators had been guilty of any corruption or fraud. Such errors were the result of legal mistake on their part as to the proper and necessary procedure in such cases. It cannot be claimed the arbitrators acted in bad faith. However, the defendant contends that the fact the award was set aside is a defense to the plaintiff's claim for compensation.

We cannot agree with the defendant's contention. If the refusal to confirm had been based on willful and intentional disregard of duties of the arbitrators, a different case would have been presented. There was nothing of that in the proceeding. Their mistakes were probably due to the fact that the arbitrators were all laymen, and not versed in the requirements of the law as defined by the courts.

The referee is not prepared to hold that such mistakes operated to deprive the arbitrators of compensation for their services. If such were the rule, then errors by referees in actions at law or in equity resulting in the reversal of judgments rendered by them would preclude their receiving compensation for services rendered in a given case. We do not think the law goes to the extent of requiring

referees to guarantee the correctness of their decisions before receiving pay.

We think the same rule should apply to arbitrators named and acting as the plaintiff did.

We, therefore, overrule the defendant's various contentions and hold the plaintiff entitled to recover.

Let findings and a judgment be prepared accordingly.