In the Matter of the Application of FRANCIS F. CARPENTER, Respondent, for an Order of Mandamus against THOMAS D. KREUTER and Others, Constituting the Board of Appeals on Zoning of the City of New Rochelle, Appellants.— Order directing the appellants to rescind a resolution purporting to revoke a permit previously granted by them for the conversion of a commercial garage for use as a public garage in the city of New Rochelle, unanimously affirmed, with fifty dollars costs and disbursements. The appellants were without power to modify or revoke the permit theretofore granted. If a violation of the zoning ordinance exists on the respondent's premises, the statutes specify the method of bringing about an abatement thereof and indicate the official empowered to act. (*Matter of Carpenter* v. *Grab*, 257 App. Div. 860.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Avenue L from East 80th Street to East 86th Street and from East 98th Street to East 108th Street, and of Avenue M from East 80th Street to East 108th Street, Subject in the Case of Avenue M to the Rights, if Any, of the New York Rapid Transit Corporation, in the Borough of Brooklyn, City of New York. THE GREAT EASTERN WATERFRONT CORPORATION, Appellant; THE CITY OF NEW YORK, Respondent.— Proceeding for the opening and extending of certain streets in the borough of Brooklyn, city of New York. Appeal from so much of the final decree as confirms the assessments levied in accordance with a resolution of the board of estimate and apportionment dated February 21, 1930, which assessments included therein expenses of the bureau of street openings of the law department of the city of New York and of the president of the borough of Brooklyn in connection with the instant proceedings. Final decree in so far as it confirms the assessments levied unanimously affirmed, with costs. Section 302 of the New York City Charter, in effect January 1, 1938, is not applicable to street opening proceedings authorized prior to that date. The expenses of such proceedings are to be liquidated as provided in the pertinent statutes of the charter in effect prior to January 1, 1938. This interpretation is required by the saving clause in the new charter (§ 962) which prescribes that no proceeding pending when the new charter takes effect " shall be affected * * * by the adoption of this charter or by anything therein contained * * *." Section 982 of the charter, which effects the repeal of certain statutes, is limited in its scope by the saving clause in section 962. Moreover an examination of all the sections of chapter 12 of the charter, relating to assessable improvements, discloses an intention to have those sections apply only to street opening proceedings authorized subsequently to January 1, 1938. The sections upon which the appellant relies are contained in that chapter and may not be invoked to affect this proceeding, which was authorized February 21, 1930, and which was pending and had reached the stage of the entry of a tentative decree prior to the adoption of the new charter. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.