THE BROOKLYN CITIZEN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.*

Second Department, February 26, 1940.

* See 171 Misc. 1035.

Edward V. Gross, for the appellant.

Albert Cooper [William C. Chanler, Corporation Counsel], for the respondent.

Hagarty, J. By virtue of the provisions of section 1526 of the former Greater New York Charter, hereinafter called the " old charter," the plaintiff corporation, which conducts a daily newspaper, was vested with the status of a " corporation newspaper " whereby certain advertisements provided for in the old charter were directed to be published in such newspaper at a flat rate of twenty thousand dollars per annum. The New York City Charter, hereinafter called the " new charter," went into effect on the 1st day of January, 1938, and provides (§ 872, subd. c): " All advertising required to be done for the city, except as otherwise especially provided by law, and all notices required by law to be published in corporation papers shall be inserted, at the public expense, only in the City Record, and a publication therein shall be a sufficient compliance with any law requiring publication of such matters or notices."

In eight of the nine causes of action set forth in the complaint, plaintiff seeks to recover the reasonable value of the publication in its newspaper of certain notices pertaining to street opening proceedings and assessments conducted or made by the defendant. In accordance with pertinent provisions of the old charter, the proper city official directed publication of these notices by the plaintiff commencing in December of 1937, and to continue for the requisite number of times. Thus it is conceded that publication was had pursuant to section 1018 of the old charter, requiring the giving of " public notice, by advertisement, for at least ten days, in the City Record and the corporation newspapers, as soon as practicable and within ten days after the confirmation of any assessment, for a local improvement, that the same has been confirmed * * *;"

and section 1002 thereof, which in part reads: " Upon the filing of the tentative decree the corporation counsel shall give notice by advertisement for fifteen days in the ' City Record,' and in the corporation newspapers, * * *." Compliance with law and with such directions carried the publications into January of 1938, before they were concluded.

It is clear that plaintiff may not recover the reasonable value of the publications which were inserted in the year 1937, as it must be deemed to have been included in the annual payment of twenty thousand dollars, indisputably received by the plaintiff for that year.

The ninth cause of action concerns itself with publication of a notice to contractors and general instructions to bidders. No written order or request was given by defendant for publication of this notice, which was commenced in 1938, or at a time when the provision of the new charter restricted publication to the City Record. Clearly, no recovery may be had upon that cause of action.

This leaves for consideration so much of the first eight causes of action as relates to the value of the publications in 1938, which indisputably amounts to $1,693.60. To defeat this claim, the defendant asserts that it made no provision for payment thereof by way of budget appropriation.

Where a provision in a charter is mandatory and requires an appropriation, lack of an actual appropriation does not constitute a defense on the part of the city. (Dixon v. City of New York, 31 Misc. 102.) The direction on the part of the city official to make the publications here involved was in accordance with law and not contrary thereto as in McDonald v. Mayor (68 N. Y. 23) and N. Y. Consolidated R. R. Co. v. City of N. Y. (244 id. 140).

Here the pertinent charter provisions required publication of the notices, and such requirement plainly implied that the reasonable cost thereof would be paid by the city. The fact that the new charter went into effect on January 1, 1938, does not affect the street opening proceedings in accordance with which these notices, relating to the signing and filing of tentative decrees and confirmation of assessments, were published. Section 962 of the new charter has a saving caluse which provides: " No action or proceeding, civil or criminal, pending at the time when this charter shall take effect, brought by or against the city or any agency or officer, shall be affected or abated by the adoption of this charter or by anything therein contained; * * *." The provisions of the old charter govern such proceedings even though they were not concluded prior to. the year 1938. (Matter of City of New York [Avenues L & M], 258 App. Div. 808.) Subdivision c of section 872 of the new

charter, it will be observed, provides that all advertising shall be inserted only in the *City Record* " except as otherwise especially provided by law." These notices were published in accordance with law, and the applicable charter provisions import that the cost thereof be paid by the city.

The order, in so far as it denies plaintiff's motion for summary judgment and grants defendant's motion to dismiss the complaint on the first, second, third, fourth, fifth, sixth, seventh and eighth causes of action, and the judgment entered thereon, should be reversed on the law, with ten dollars costs and disbursements, defendant's motion as to those causes of action should be denied, and plaintiff's motion for summary judgment should be granted as to the first cause of action in the sum of $116.80, as to the second cause of action in the sum of $19.20, as to the third cause of action in the sum of $151.20, as to the fourth cause of action in the sum of $319, as to the fifth cause of action in the sum of $211.20, as to the sixth cause of action in the sum of $308, as to the seventh cause of action in the sum of $422.40, and as to the eighth cause of action in the sum of $145.80, together with interest from February 28, 1938, and judgment should be directed to be entered thereon. The order, in so far as it denies plaintiff's motion for summary judgment as to the ninth cause of action and grants defendant's cross-motion to dismiss said ninth cause of action, and the judgment entered thereon should be affirmed, without costs.

LAZANSKY, P. J., JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment accordingly.