GEORGE J. CHAMBERS and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of SOUTHERN DISTRICT COURT REPORTERS, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, April 4, 1940.

*Harper & Matthews* [*Harold H. Harper* and *James E. Austin* of counsel], for the plaintiffs.

*William C. Chanler* [*T. C. O' Neal* of counsel], for the defendant.

HOFSTADTER, J. The plaintiffs sue to recover $3,468 as the agreed price and reasonable value of stenographic services furnished during the course of two investigations conducted by the council of the city of New York to determine if three persons certified as elected to its membership at the preceding general election possessed

the statutory residential requirements. The plaintiffs move for summary judgment.

There is no dispute as to the facts and the defendant city of New York now admits the allegations of the complaint. Thus it is conceded that the plaintiffs pursuant to a contract with the council rendered services to its designated committees at a *reasonable* charge and that the investigations being conducted were *essential* to the very *organization* of the council; and further that the employment of the plaintiffs was necessary in the proper conduct of these inquiries. The plaintiffs do not dispute that the budget contained no appropriation for the employment of outside stenographers.

The city of New York relies solely on its affirmative defense to the effect that in the absence of any appropriation therefor the contracts between the plaintiffs and the council did not obligate the city to pay the charges incurred thereunder by virtue of the provisions of section 891 of the New York City Charter. This section provides that the city shall not be liable for any expense incurred by an " agency " of the city for any purpose unless there has been an appropriation therefor. The term " agency " is defined in section 981 of the charter.

The court need not determine whether the council of the city of New York is an " agency " within the purview of the cited sections, for it is clear that in any event, *on the facts here disclosed*, it is not within the prohibition of these sections of the charter.

Under section 30 of the charter the council, subject only to judicial review by certiorari, is declared to be " the judge of the election returns and the qualifications of its own members." The power and right to conduct an investigation to determine the facts is implicit in the grant of the statute which *is* merely confirmatory of the traditional powers inherent in all legislative bodies. (*Barry* v. *United States ex rel. Cunningham*, 279 U. S. 597.)

The doctrine of separation of powers is firmly entrenched in our political philosophy. While the board of estimate is the appropriating authority, it may not either directly or indirectly impinge on the authority of the council, which is the sole legislative branch of the government. (See N. Y. City Charter, § 27.)

That the council is exercising its *legislative* function in passing on qualifications of its members is beyond cavil. It must be permitted to exercise its charter prerogative to organize, free from any regulation or control from without. " The absolute right of determining the election of its members is a power necessary to the independence of the legislative branch of the government." (*People ex rel. Krulish* v. *Fornes*, 175 N. Y. 114, 117.) Independence of action is vitiated by any construction which might preclude the council

from exercising the organic function, intrinsically essential to its coming into being. And, therefore, it is inadmissible to hold that it may not organize and establish its membership unless and until a co-ordinate branch of the government has appropriated funds for matters incident to such self organization. The right to rule on the qualifications of its members granted by the charter is illusory if it does not carry with it, by compelling implication, the equal right to incur any expense *reasonably* necessary to its exercise and to obligate the city of New York to pay such expense. If the liability thus incurred is either unnecessary or unreasonable these issues may be tendered by the city in refusing payment and its rights thereby sufficiently protected.

It is not within the competence of the board of estimate to prevent or even *delay* the organization of the council by postponing or withholding a necessary appropriation, and consequently the council should not be constrained to suspend its *legislative* activity and petition for funds which may *not* be denied it. The law does not require such idle ceremony for no useful purpose especially where arbitrary action by the appropriating authority may lead to incalculable harm.

While there are no cases precisely in point, I regard that this conclusion is indicated by the *rationale* of the reported decisions in cognate matters. (See *Brooklyn Citizen* v. *City of New York*, 258 App. Div. 657; *Lowe* v. *City of New York*, 240 id. 484; affd., 265 N. Y. 583; *People ex rel. Schanck* v. *Green*, 64 id. 499; *O'Brien* v. *City of Niagara Falls*, 62 Misc. 92.)

The defendant does not contend that there are no funds available to satisfy this claim (N. Y. City Charter, § 117), and its contention that mandamus is the appropriate remedy is without substance. (*Kip* v. *City of Buffalo*, 123 N. Y. 152.)

Motion by the plaintiffs for summary judgment is granted. Settle order.