Gr. Robert Witmer, J.
In this application under article 78 of the Civil Practice Act the Steuben Advocate, Inc., petitioner, seeks an order directing respondent Board of Supervisors of Steuben County (1) to pay to petitioner the statutory rates for publication in petitioner’s newspaper in Bath, New York of the 1956 notices of tax sales and redemption, (2) to pay to petitioner *629 the profits which it lost because respondent did not give to it the notices of tax sales and redemption for publication in 1957, and (3) in the future during the period petitioner has been designated by the Democratic members of the respondent Board of Supervisors as a newspaper for publication of concurrent resolutions, to give notices of tax sales and redemption to petitioner for publication. .
Respondent has answered and also has moved to dismiss the petition on various grounds, amounting to a claim that it is insufficient in law. In its answer respondent admits that petitioner publishes a daily newspaper in Bath, Steuben County, known as the Steuben Advocate, but denies that that newspaper has general circulation in Steuben County; and admits that said newspaper espouses the principles of the Democratic party; that for several years prior to this date it was designated annually by a majority of the Democratic supervisors of Steuben County as the official newspaper for the Democratic party in Steuben County for the publication of concurrent resolutions, pursuant to subdivision 1 of section 214 of the County Law; that as required by said law copies of such designations were duly filed, and that said newspaper was one of two newspapers designated by respondent Board of Supervisors for the publication of concurrent resolutions. Respondent further admits that during the months of November and December, 1956, petitioner published in its said newspaper respondent’s notices of tax sales and redemption; that thereafter petitioner presented to respondent “ a properly prepared claim for such publication in the amount of $673.56 ”, and respondent audited and rejected the same. Respondent denies that petitioner published said notices at the request and direction of respondent, and denies that the amount of the bill is fair and reasonable.
From respondent’s brief and argument upon the motion it seems clear that it does not question that the bill was properly prepared in accordance with the provisions of section 1551 of the Civil Practice Act and is correct in amount, except that respondent claims that if it is liable at all it is entitled to a credit because the same type which printed the notices in petitioner’s newspaper was used by the printing company to print the notices for the Hornell Evening Tribune which respondent had employed to publish the notices and which published them. In other words, respondent contends that if it has any liability to petitioner, it is only on a quantum meruit basis and not under section 1551 of the Civil Practice Act.
The fundamental point at issue herein involves the construction of section 214 of the County Law and section 151 of the
*630 Tax Law. Section 214 of the County Law provides in subdivision 1 thereof for the manner in which two newspapers, one from each of the two principal political parties of the State, shall be designated for the publication of “ concurrent resolutions, election notices and official canvass ” of the Legislature and the Secretary of State. It is not disputed (and indeed it could not be; see People ex rel. Republican & Journal Go. v. Wiggins, 199 N. T. 382) that petitioner’s newspaper has been duly designated annually, for the period with which we are concerned, as one of the two Steuben County newspapers for use under said subdivision.
Section 151 of the Tax Law provides in part as follows, with respect to the sale of real estate for unpaid taxes: “ The county treasurer shall immediately after the expiration of such six months * * * cause to be published at least once in each week for six weeks, in two newspapers designated for the publication of the concurrent resolutions, a list of real estate so liable to be sold, together with a notice that such real estate will, on a day at the expiration of said six weeks specified in such notice, and the succeeding days, be sold at public auction at the court house in the county where the same is situated, to discharge the taxes, interest and expenses that may be due thereon, at the time of such sale. * * * The charges for publishing such notice shall be at the rate specified in the civil practice act for publishing a summons and other advertisements required by law to be published.” (Emphasis supplied.)
A similar provision for the use of newspapers in which concurrent resolutions are published is found in section 130 of the Tax Law. <
Petitioner urges that under said section 151 of the Tax Law respondent had a legal obligation to publish the notices of tax sales and redemption in its newspaper, that petitioner published the same for 1956 pursuant to law,1 and that therefore respondent is clearly indebted to petitioner at the statutory rates (Civ. Prac. Act, § 1551), as computed in petitioner’s claim attached to the petition.
Respondent seems to admit that petitioner’s position would be correct under the law as it stood, prior to 1951, but contends that the amendment of section 214 of the County Law in 1951 (L. 1951, ch. 685) by implication repealed the requirements of sections 151 and 130 of the Tax Law that the notices of tax sales and redemption be published in newspapers designated for publishing concurrent resolutions. Respondent relies upon subdivision 2 of section 214 of the County Law which provides for the designation of newspapers for printing local laws and *631 notices. The first two sentences of said subdivision provide as follows: 1 ‘ The board of supervisors shall annually designate at least two newspapers published within the county as official newspapers for the publication of all local laws, notices and other matters required by law to be published. In such designations consideration shall be given to those newspapers advocating the principles of the two major political parties into which the people of the state are divided and their general circulation throughout the county.”
Respondent contends that the purpose of the 1951 amendment of section 214 of the County Law was to enable boards of supervisors as a whole, and not the respective party members thereof, to designate two newspapers for publications of tax sales notices and other notices; that the intent was to insure due process of law in the sale of taxes by permitting the board of supervisors as a whole to select two newspapers most widely circulated in the county and hence best calculated to give notice, and that in its selection the board of supervisors should only give ‘ ‘ consideration * * * to those newspapers advocating the principles of the two major political parties ”.
Respondent does not claim that there has been an express repeal of the provisions in sections 151 and 130 of the Tax Law for the publication of notices of tax sales and redemption in newspapers designated for the publication of concurrent resolutions.
The courts are not quick to find repeal by implication, but if a later enactment is inconsistent with a former, repeal will be implied. In People v. Jaehne (103 N. Y. 182) at page 194 the court said, “ Whether a subsequent statute repeals a prior one in the absence of express words, depends upon the intention of the legislature, and one of the tests frequently resorted to to ascertain whether there is a repeal by implication, is to inquire whether the special and general acts may both be executed without involving repugnancy of rights or remedies.”
In Matter of Troy Press Co. (94 App. Div. 514, affd. without opinion 179 N. Y. 529) the court said at page 519: “Where there is no direct repugnancy or inconsistency between the earlier and the later law, there may in some cases be an implied repeal. This result follows where the later act revises, amends and sums up the whole law on the particular subject to which it relates, covering all the ground treated of in the earlier statute, and adding new or different provisions, and thus plainly shows that it was intended to supersede any and all prior enactments on that subject-matter and to furnish for the future in itself alone the whole and only system of statute law *632 applicable to the subject. (Black on Interpretation of Laws, 116.) ”
Applying the foregoing principles it cannot be held that subdivision 2 of section 214 of the County Law by implication repealed the portion of section 151 of the Tax Law which provides for publication of notices of tax sales in the newspapers designated for publishing concurrent resolutions. At most subdivision 2 of section 214 of the County Law may be said to supplement the other laws and permit boards of supervisors to publish notices of any kind in additional newspapers as it deems such additional publication desirable. It is not without significance that attempts to amend the Tax Law to accomplish expressly what respondent asks the court to imply have failed.
It is held, therefore, that respondent was obligated by law to publish the 1956 tax sales notices in petitioner’s newspaper; that the publication thereof by petitioner was a necessary step to accomplish the valid sale of said taxes (Helterline v. People, 295 N. Y. 245, 251); and that by virtue of such publication petitioner became entitled to be paid therefor in accordance with the statutory rates (Civ. Prac. Act, § 1551). The law required the publication of the notices, and publication pursuant to law implies that the county will pay the proper rate therefor. (See Brooklyn Citizen v. City of New York, 258 App. Div. 657, 659.) Respondent’s contention that petitioner is only entitled to quantum meruit compensation is rejected. The statute specifies the compensation to be paid for the publication, and the court may not consider how the paper was produced. (See People v. Supervisors of Monroe County, 60 Hun 328.)
Since petitioner presented its ‘1 properly prepared claim ’ ’ and respondent rejected it solely because of an erroneous view of the law, no question of fact remains. Thus it is a breach of duty on the part of the respondent to refuse to pay petitioner’s said bill, and petitioner is entitled to an order by this court directing that the bill be paid. (People ex rel. Morrison v. Supervisors, 56 Hun 459, affd. 127 N. Y. 654; see People ex rel. Myers v. Barnes, 114 N. Y. 317, 331; New York Catholic Protectory v. Rockland County, 212 N. Y. 311.)
Petitioner’s claim for lost profits stands on a different footing. The claim was never presented to the respondent board for audit. Hence respondent has not had an opportunity to consider it, which is a prerequisite to instituting this proceeding to compel the board to act. In respect of that claim, therefore, the petition is dismissed. (See Bragg v. Town of Victor, 84 App. Div. 83; New York Catholic Protectory v. Rockland County, 212 K Y. 311, supra.)
*633 Petitioner’s application for an order directing respondent board in the future to give such tax sale notices to petitioner for publication during the period for which petitioner has been designated by the Democratic members of the respondent board as a newspaper for the publication of concurrent resolutions is granted.
Submit order accordingly.