■ In the Matter of JULIO A. (ANONYMOUS), Appellant.— Order of the Family Court, Kings County, dated February 6, 1974, affirmed, without costs (see *Matter of Maurice C.,* 34 N Y 2d 804). Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.

■ In the Matter of EUGENE A. ACCA et al., Respondents, v. BUREAU OF ASSESSORS OF THE NEW YORK CITY FINANCE ADMINISTRATION et al., Appellants. In the Matter of FOREST STUART, INC., Respondent, v. BUREAU OF ASSESSORS OF THE NEW YORK CITY FINANCE ADMINISTRATION et al., Appellants.— In consolidated proceedings to annul special assessments levied against certain real property, the appeal is from a judgment of the Supreme Court, Richmond County, dated December 27, 1972, which, after a nonjury trial, *inter alia,* declared Local Law No. 93 of 1961 of the City of New York null and void. Judgment affirmed, with costs. No opinion. Martuscello, Cohalan and Munder, JJ., concur; Hopkins, Acting P. J., and Brennan, J., dissent and vote to reverse and to dismiss the petitions, with the following memorandum: The question is whether a tax assessment for sanitary and storm sewers levied on land deemed to be benefited by the improvement is valid. The improvement had been authorized and the method of assessment of the cost determined by several resolutions of the Board of Estimate of the City of New York adopted between 1957 and 1959. In 1961 a revised charter of the city was approved by the electorate, to become operative January 1, 1963. By that revised charter the system of assessing the costs of local improvements on benefited properties was discontinued. In December, 1961 — a month after the adoption of the revised charter — a local law was enacted permitting the Board of Assessors of the city (formerly in charge of assessments for local improvements) to complete assessments that had been authorized prior to January 1, 1962. Under these facts, the right to levy the assessment already authorized prior to the adoption of the revised charter survived (cf. *Matter of Nolan* v. *Bureau of Assessors of N. Y. City Finance Admin.,* 31 N Y 2d 90, 94). It is unnecessary to decide whether the right to levy assessments continued for previously authorized improvements despite the intervention of the revised charter (cf. *Matter of Mayor, etc. of N. Y. City,* 40 App. Div., 452, 455–456, affd. 161 N. Y. 622; *Matter of City of New York* [*Great Eastern Waterfront Corp.*] 258 App. Div. 808). The fact is that the revised charter was amended to allow expressly the continuation of the former process of local assessments already authorized. Even though the revised charter did not go into operation until January 1, 1963, it was upon approval by the voters a law then in existence, subject to amendment, as would be any other law, by the city government; and the amendment, in company with the other provisions of the revised charter, became operative on January 1, 1963 (cf. *Matter of Hehl* v. *Gross,* 35 A D 2d 570, affd. 30 N Y 2d 828). Hence, the action of the Board of Assessors pursuant to the procedure of the charter in effect prior to the revision was valid. [73 Misc 2d 50.]